STATE of Rhode Island

v.

Ronald BOURDEAU.

No. 96–241–Appeal.

Supreme Court of Rhode Island.

Jan. 13, 1997.

Aaron Weisman, Providence.

Stephen P. Nugent, Providence.

## ORDER

This matter came before the Court for oral argument on December 6, 1996, pursuant to an order that directed the defendant to appear and show cause why the issues raised by the defendant's appeal from a Superior Court trial justice's determination that the defendant had violated the terms and conditions of previously imposed probation should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in this appeal will be decided at this time.

The defendant, Ronald Bourdeau (defendant), was sentenced to 25 years, 15 years to serve, 10 years suspended with 10 years probation on K1/81–477, W1/81–197, and P1/81–2320. After his release from the Adult Correctional Institutions (ACI), he was charged, on June 23, 1994, with possession of marijuana, obstruction of a police officer, and unlawful use of a motor vehicle license. The defendant pled nolo contendere to the new charges, all contained in criminal information P2/94–2523, and admitted to violating the terms of his probation on K1/81–477, W1/81–197, and P1/81–2320. The violation admission was disposed of along with the new charges but the defendant was then, however, only sentenced on P2/94–2523, that sentence being a one-year sentence with one month to serve and the remaining eleven months suspended, with eleven months probation. He was not sentenced on K1/81–477, W1/81–197 and P1/81–2320.

After the defendant was released from the ACI following his one month incarceration, he was arrested yet again and this time charged with the robbery of a local bank. The defendant was once again presented as a violator of K1/81–477, W1/81–197, and P1/81–2320, and as a violator of the suspension and probation in P2/94–2523. The defendant moved to dismiss the state's motion to violate him because, he contended, he had already been sentenced as a violator on K1/81–477, W1/81–197, and P1/81–2320. That motion was denied and the Superior Court trial justice then sentenced the defendant to serve ten years at the ACI on P1/81–2320. The suspended/probation sentences imposed on P2/94–2523, W1/81–197 and K1/81–477 were continued.

The defendant now asserts that the trial justice by sentencing him as a violator of his probation only on P1/81–2320 and continuing him on his other three suspended/probation sentences that had been originally imposed to run concurrent with each other, in effect, transposed them into sentences that would now begin to run consecutive to his sentence on P1/81–2320. The defendant asserts that when he is released from the ten year sentence imposed for being in violation of the probation on P1/81–2320 he could later be found to be a violator of probation on the other three sentences thereby facing ten or twenty additional years of incarceration, a result which was not intended by his original sentencing. The defendant's argument is without merit.

When the trial justice found the defendant to be a violator and sentenced him to ten years on P1/81–2320 and continued him on the other three sentences, those three sentences were not automatically converted into consecutive sentences. Instead, those other three sentences were left intact and continued to run while the defendant served his ten years on P1/81–2320. The trial justice made that clear when he told the defendant that "[w]hen he serves the 10 years as far as I'm concerned the other cases will have expired anyway." Accordingly, the three sentences were not made consecutive. The trial justice was duly authorized to sentence the defendant to the ten year term on P1/81–2320 and continue him on the other three sentences as previously imposed.

The defendant also contends that he could not be found to be a violator of the terms of K1/81–477, W1/81–197 or P1/81–2320 because those sentences were all considered together when he was sentenced to the one year on the June 23, 1994. That argument is without merit. The defendant had not been sentenced on K1/81–477, W1/81–197 or P1/81–2320 but was instead sentenced only on the marijuana, obstructing and automobile license charges contained in P2/94–2523. The trial justice made no mention at that time of

imposing any sentences for any violation of the probationary terms of the sentences in K1/81–477, W1/81–197 or P1/81–2320. Therefore, presumably the defendant was continued on the original three suspended/probation sentences while being sentenced only on the new P2/94–2523 charges. Accordingly, those three earlier suspended/probation sentences were still running when the defendant was later charged with the bank robbery.

The defendant's final argument is that pursuant to our decision in *State v. Jacques,* 554 A.2d 193 (R.I.1989) his probationary terms on K1/81–477, W1/81–197 and P1/81–2320 had run while he was serving his fifteen years, retroactive to 1981. Therefore, the defendant posits that he had completed the service of his suspended/probation sentences by the time he had committed his bank robbery and he could not, consequently, be found to be a violator of those earlier suspended and probationary terms. The defendant's final argument is, again, without merit. Our decision in *Jacques* stated that a defendant, when sentenced to a specific term of probation, is notwithstanding, under an *implied condition* of good behavior throughout the entire length of the sentence imposed and that any breach of the terms of that implied condition of probation can result in a violation of defendant's probation, regardless of when the actual term of that probation was stated to commence.

For all the foregoing reasons, the defendant's appeal is denied and dismissed. The judgment appealed from is affirmed and the papers in this case are remanded to the Superior Court.