Robert Lee BROWN, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Dec. 9, 1977.

Discretionary Review Denied
April 25, 1978.

Terrence R. Fitzgerald, Deputy Public Defender, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., George M. Geoghegan, III, Asst. Atty. Gen., Frankfort, for appellee.

Before WILHOIT, HOWARD and REYNOLDS, JJ.

REYNOLDS, Judge.

This is an appeal from an order revoking a suspended sentence entered by the Jefferson Circuit Court.

In 1974 the Jefferson County Grand Jury returned two indictments, Numbers 151391 and 151687, charging Robert Lee Brown, appellant, with two separate crimes of armed robbery. On June 10, 1974 appellant entered a plea of guilty to both charges. Sentencing was passed on the motion for probation until July 25, 1974 when the court entered an order sentencing appellant to five years imprisonment as to Indictment Number 151391. The court also entered an order withholding rendition of judgment on Indictment Number 151687 for a period of five years after his release from the sentence to be served on Indictment Number 151391.

Appellant escaped from custody, committed another crime for which he was charged and convicted under Indictment Number 156219. On February 7, 1977 the Commonwealth Attorney filed a motion, and served it on appellant's counsel, to revoke the prior suspended sentence. At a hearing held on March 3, 1977 counsel for appellant objected to the revocation because appellant had not yet begun serving his probationary period. At the conclusion of the hearing the court entered an order revoking the suspended sentence that appellant had received under Indictment Number 151687.

Appellant maintains that the action of the court in revoking a suspended sentence before the commencement of its stated term was in excess of the court's jurisdiction and that appellant was thereby deprived of his constitutional protection against ex post facto laws and his right to due process of law. We do not agree.

At the time the court entered the order awarding appellant probation on Indictment Number 151687, K.R.S. 439.260 provided that the court "may postpone the entering of a judgment and the imposing of sentence and place the defendant on probation . . ." K.R.S. 439.270 provided that the period of probation fixed by the court "shall not exceed five years . ." Appellant cites *Curtsinger v. Commonwealth,* Ky., 549 S.W.2d 515 (1977) to support his contention that the order of the court had the effect of extending the probationary period beyond the five year maximum. *Curtsinger, Id.,* does not apply. There the court tried to extend the probationary period beyond the statutory maximum. The court did not have jurisdiction to revoke probation once it was completed. Here, the court placed appellant on probation for five years but the probationary period was not to begin until he completed serving a five year sentence received on another conviction of armed robbery.

Appellant relies upon K.R.S. 439.300 and asserts that only "during probation" can revocation of probation properly occur. The United States Court of Appeals was confronted with a similar argument in *United States v. Ross,* 503 F.2d 940, 943 (5th Cir. 1974). Therein it was asserted that since Title 18, U.S.C. § 3653 provides for termination, alteration, or suspension of probation for a violation occurring "at any time within the probationary period" that revocation of probation before the time the

probation actually begins is an abuse of discretion. The court found this contention groundless and that it had only superficial, if semantic, appeal. The opinion went on to state that:

[t]he appellant would have us read this provision as exclusive; only if an individual is "on probation" may probation be revoked. Otherwise, he asserts, there are no conditions of probation which a potential probationer could violate and hence he would have no notice as to a course of conduct by which he could avoid revocation.

Aside from the fact that Section 3653 is not by its terms exclusive, case law and sound policy reject Ross's contentions.

.    .    .    .    .

Sound policy requires that courts should be able to revoke probation for a defendant's offense committed before the sentence commences; an immediate return to criminal activity is more reprehensive than one which occurs at a later date. *Davis v. Parker,* 293 F.Supp. 1388 (D.Del. 1968) states that:

[p]robation may be revoked for cause if a court is satisfied after a hearing that a defendant's conduct has been such that the ends of justice and the interest of society and the defendant will be served by revocation. It is not a prerequisite to such a revocation that the conditions of probation be actually operative at the time .    .    ..

■ The 6th Circuit has referred to both *Ross, supra,* and *Davis, supra,* in *Tiitsman v. Black,* 536 F.2d 678 (6th Cir. 1976), where it was stated that the "courts have often sustained the revocation of probation for criminal activity committed prior to defendant's going on probation even though the defendant, not yet being on probation, could not technically violate a condition of probation." In this case we find the revocation of probation was proper.

■ Appellant's contention that revocation amounted to an ex post facto law as it "increased the consequences of escape retrospectively" is also without merit. The appellant was on notice that commission of any crimes would be a violation of probation conditions. The revocation did not amount to a sentence imposed for the crime of escape or the conviction of armed robbery committed prior to the commencement of the probationary period, but rather was an imposition of the sentence which appellant had already received for conviction of another crime. Probation is recognized as a privilege rather than a right. It is entirely within the trial court's discretion whether a defendant is given his liberty conditionally. *Ridley v. Commonwealth,* Ky., 287 S.W.2d 156 (1956). Since the revocation of probation did not increase the sentence on any of appellant's convictions and only imposed a sentence which he had previously received, there was no violation of the prohibition of ex post facto law. *Calder v. Bull,* 3 Dallas 386, 1 L.Ed. 648 (1798). Unlike *Bouie v. City of Columbia,* 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964), cited by appellant, there was no attempt to enlarge a criminal statute retroactively in this case.

■ Appellant relies upon *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Douglas v. Buder,* 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973) to support his contention that the revocation changed the term of probation without prior notice and therefore he was deprived of due process of law. We do not agree since appellant was on notice that the commission of an additional crime was in violation of the conditions for probation, and it can in no way be said that he was denied due process of law. *Dobbert v. Florida,* 432 U.S. 282, 97 S.Ct. 2290, 53 L.Ed.2d 344 (1977).

The order of the Jefferson Circuit Court revoking appellant's probation is affirmed.

All concur.