## 39671. LAYSON v. MONTGOMERY.

Clarke, Justice.

This is a habeas corpus case in which the petitioner, Layson, is challenging the revocation of six years of probation time imposed in his original sentence. His petition was denied, we found probable cause to appeal and now affirm the habeas court.

Layson entered a plea of guilty to one count of burglary on July 16, 1979, in Bibb County Superior Court. His sentence was set at 15 years, six to be served in confinement and nine years to be served on probation. He entered guilty pleas to three other counts of burglary on November 13, 1979, with all sentences to run concurrent to the July 16 sentence.

He escaped from confinement on July 26, 1981 and was rearrested on August 10, 1981. He was returned to Bibb County on October 6, 1981, for a probation revocation hearing, for failure to comply with the terms and conditions of his probation. The violations alleged were escape from lawful confinement after a felony conviction and possession of firearms by a convicted felon.

At the revocation hearing, Layson was represented by counsel and admitted the escape charge but denied the firearm possession charge. Layson and another escapee were recaptured when

authorities were tipped to their location in a house in Bibb County. The house was surrounded and the fugitives surrendered. There were two women also in the house and firearms were found in the house but not in the actual possession of Layson when he surrendered. The court accepted a written plea of guilty to a violation of probation conditions based upon the escape, and revoked six of the nine years of probation in the original sentence. There is no contention that his counsel at this hearing was ineffective. On November 4, 1981, Layson entered a plea of guilty to escape in Tattnall Superior Court and was sentenced to one year to run consecutively to the original sentences.

1. In his habeas corpus petition Layson contends that under the language of OCGA §§ 42-8-34 (Code Ann. § 27-2709) and 17-10-1 (Code Ann. § 27-2502) the sentencing court may not revoke a probated portion of a sentence which also imposes prison confinement until the period of confinement is completed and the offender has begun serving the probated part of the sentence. The habeas court rejected this argument based upon our holding in *Parrish v. Ault,* 237 Ga. 401 (228 SE2d 808) (1976). Layson argues that *Parrish* does not apply because the offender there was serving the probationary part of one sentence when another probated sentence was revoked. We find the rule in *Parrish* is applicable and controls this issue adversely to the petitioner.

Mr. Parrish had been sentenced on one count to five years, three to serve and two on probation. On the remaining counts against him he was sentenced to three years to be served on probation to run consecutively. All of the probation was revoked during the first probationary period. Construing the above-cited statutes, we held that "a trial judge can revoke a probated sentence that is to begin at a future date. It makes no sense to us to construe these statutes to mean that a convicted felon must begin serving his probated sentence before there can be a revocation of probation." *Parrish,* at 402.

Layson contends that his situation is distinguishable because he was in confinement when the terms and conditions were violated, and that in order to revoke probation the offender must actually be serving probated time. He relies on the fact that most conditions of probation are impossible to meet while in confinement, such as maintaining suitable employment and remaining at an address within the county. We are not faced here with the conduct of a prisoner complying with the rules of his confinement but with a prisoner who has unlawfully left confinement, committing the felony of escape, OCGA § 16-10-52 (Code Ann. § 26-2501), and who was reapprehended with force. We hold that nothing in the language of OCGA §§ 42-8-34 (Code Ann. § 27-2709) and 17-10-1 (Code Ann. § 27-2502) prevents the revocation of the probated portion of a

sentence based upon a separate crime committed during the portion of the sentence to be served in confinement.

2. The petitioner contends that if it is permissible to revoke the probated portion of a split-term sentence for crimes committed during the confinement portion of the sentence then his plea was not knowingly and voluntarily made. He argues that when he entered his original guilty plea based upon a recommendation by the state of 15 years with six to serve, he was not informed that the probation portion could be revoked during the confinement portion of his sentence.

The habeas court concluded that the plea to an offense with a possible 20-year sentence was knowingly and voluntarily made in accordance with the standards of Boykin v. Alabama, 395 U. S. 238 (89 SC 1709, 23 LE2d 274) (1969). He also found that the petitioner was informed that a violation of any criminal law could result in revocation of his probation. The probation sentence also states that the probation could be revoked or the period modified by the court "at any time." We agree with the court below that the notice was sufficient and consequently find no due process violation. We also conclude that the plea entered on July 7, 1979, was knowingly and voluntarily entered.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 7, 1983.

Donnie Lloyd Layson, *pro se.*
Michael J. Bowers, *Attorney General, Mary Beth Westmore-land, Assistant Attorney General,* for appellee.