STATE

v.

Albert JACQUES.

No. 87–264–C.A.

Supreme Court of Rhode Island.

Feb. 3, 1989.

James E. O'Neil, Atty.Gen., Caroline Cole Cornwell, and Nicholas Trott Long, Asst. Atty. Gen., for plaintiff.

John M. Bailey, IV, Public Defender, Barbara Hurst, Asst. Public Defender, for defendant.

## OPINION

FAY, Chief Justice.

This case comes before the Supreme Court on an appeal by the plaintiff, the State of Rhode Island. The state appeals from a Superior Court justice's refusal to revoke the probation of the defendant, Albert Jacques, while he was on parole. This court is presented with the novel issue of whether a trial justice has jurisdiction to revoke a parolee's probation for acts committed after a sentence has been imposed but prior to the expiration of the parole period.

On January 5, 1984, defendant entered a plea of nolo contendere to criminal information Nos. K2830480 and K2830482. The information contained four counts. On three of the counts defendant received concurrent ten-year sentences with six years to serve, four years suspended, and four years' probation. The defendant received a concurrent one-year sentence on the fourth count. The defendant's parole was scheduled to expire on December 29, 1988.[1]

While serving the sentences, defendant was released on parole pursuant to a standard parole agreement. The agreement was dated December 9, 1986, and provided for defendant's release on December 12, 1986. After his release defendant resumed his unlawful behavior. On February 17, 1987, defendant was fined $100 for shoplifting. In addition, he pleaded nolo contendere on April 16, 1987, to a charge of

---

1. There were inconsistencies in the court record but it is in fact parole that expires on December 29, 1988, and not the ten-year sentences.

operating a motor vehicle with a suspended license. The March 19, 1987 motor-vehicle incident resulted in a $250 fine.

Pursuant to four new charges defendant was again arraigned on April 22, 1987. The charges arose out of an April 21, 1987 incident and included assault with a dangerous weapon, breaking and entering with intent to commit larceny, possession of burglary tools, and operating a motor vehicle with a suspended license. Thereafter the state sought to have defendant adjudged a violator of the terms of his probation. As a result of a warrant issued May 11, 1987, defendant appeared before the Superior Court on May 15, 1987. At that time the Superior Court justice determined that pursuant to G.L.1956 (1981 Reenactment) § 12-19-9, as amended by P.L.1982, ch. 215, § 1, he did not have the power to revoke probation until defendant was released from his sentence. The trial justice believed that the parole board could revoke parole for a violation of the conditions set forth in the parole agreement. He determined, however, that probation could not be revoked until defendant's sentence was complete because defendant was within the jurisdiction of the parole board. Since defendant was released from custody because of his parole agreement, the trial justice held that the parole board had a right to exercise its jurisdiction over him and the judicial system could not assume jurisdiction until defendant was released from the custody of the parole board. The trial justice therefore refused to exercise jurisdiction over defendant, finding that perhaps the parole board should have taken any required action on this matter while defendant was serving his parole. He also determined that any action by him at that time would interfere with the executive branch in violation of the separation of powers doctrine.

In this case we have two incongruous views of when probation may be revoked. The state argues that the trial justice had jurisdiction to revoke the grant of probation at any time after the imposition of a sentence, regardless of whether the proba-

tionary term had commenced. Alternatively, defendant maintains that the trial justice correctly ruled that the judicial and executive branches of government did not have duplicative jurisdiction over the parolee-defendant. This court must now decide where proper jurisdiction lies in matters involving probation and parole.

Since this is a case of first impression in this state, we turn to other jurisdictions for guidance. We find that the prevailing view is that probation may be revoked by a court before a defendant completes serving his sentence and begins his probationary period.

A number of state courts have held that probation may be revoked before the prescribed period technically commences. Some of these states, interpreting statutes that authorize the court to revoke probation "at any time" during or before the end of a probationary period, allow removal of probation before a defendant has completed serving a sentence. *See Resper v. United States*, 527 A.2d 1257, 1259 (D.C. App. 1987); *Brown v. Commonwealth*, 564 S.W. 2d 21, 23 (Ky. Ct.App.1977); *Commonwealth v. Miller*, 358 Pa.Super. 219, 224, 516 A.2d 1263, 1265 (1986). Other states following this trend have interpreted statutes providing for removal of probation as allowing revocation before the defendants enter the probationary phases of their sentences. *See Wilcox v. State*, 395 So.2d 1054, 1056 (Ala.1981); *Stafford v. State*, 455 So.2d 385, 387 (Fla.1984); *Matthews v. State*, 304 Md. 281, 292, 498 A.2d 655, 659 (1985); *State v. Sullivan*, 197 Mont. 395, 401, 642 P.2d 1008, 1011 (1982). In cases factually similar to the one before us, both the Court of Appeals of Alaska and the Court of Appeals of Georgia upheld the revocation of a defendant's probation while he was at liberty on parole. *Gant v. State*, 654 P.2d 1325, 1327 (Alaska Ct.App.1982); *Roberts v. State*, 148 Ga.App. 708, 252 S.E. 2d 209 (1979).

Similarly, many federal circuit courts have interpreted the relevant section of the federal probation statute, 18 U.S.C.A.

§ 3653 (West 1985) [2], as authorizing a district court to revoke a sentence of probation for acts occurring prior to the beginning of the probationary term. *See United States v. James*, 848 F.2d 160, 162 (11th Cir.1988); *United States v. Daly*, 839 F.2d 598, 601 (9th Cir.1988); *United States v. Camarata*, 828 F.2d 974, 981 (3rd Cir. 1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1036, 98 L.Ed.2d 1000 (1988); *United States v. Yancey*, 827 F.2d 83, 88 (7th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 1239, 99 L.Ed.2d 437 (1988). Although none of these circuit courts have decided the precise issue before us, two have stated in dicta that they would be inclined to revoke probation of a defendant who commits a crime while on parole, relying upon the relevant section of the newly enacted federal probation statute, 18 U.S.C.A. § 3565.[3] *See Camarata*, 828 F.2d at 978; *Yancey*, 827 F.2d at 88.

■ It is well established that a sentencing court has jurisdiction over a convicted criminal and in its discretion may grant probation instead of a prison sentence. This grant of conditional liberty is not a right but a privilege. If a defendant on parole then chooses to commit a crime, he violates an implied condition of probation that he will refrain from criminal conduct while at liberty. At that time the sentencing court has authority to revoke the grant of probation that was previously given. Therefore, the question in the instant case is not whether the probationary period had started but whether the potential probationer did, in fact, violate a condition of his probation.

We hold that once defendant engaged in criminal acts, he violated an implied condition of his probation by failing to comply with the law. We find that at that time the Superior Court had the authority to revoke the suspension of sentence because defendant violated the implied condition of good behavior attached to the suspended sentence from the moment the sentence was incurred. Therefore, we find that it was within the Superior Court's jurisdiction under § 12–19–9 to withdraw the grant of probation previously given.

■ Second, we address whether the revocation of probation before defendant has entered the probationary phase of his sentence violates the doctrine of separation of powers under the United States and Rhode Island Constitutions. The Superior Court justice held that the judicial system did not have jurisdiction to revoke a defendant's probation if he was in prison or on parole. The justice determined that the doctrine of separation of powers would be violated if the court acted on the probationary term at that stage of defendant's sentence.

Then–Circuit Court Justice Kennedy, now a United States Supreme Court justice, writing for the Ninth Circuit in *Chadha v. Immigration and Naturalization Service*, 634 F.2d 408 (9th Cir.1980), *aff'd*, 462 U.S. 919, 103 S.Ct. 2764, 77 L.Ed.2d 317 (1983), succinctly defined the standard of review governing whether an attempted exercise

**2.** 18 U.S.C.A. § 3653 (West 1985) states in pertinent part:

"[A]t any time within the probation period, or within the maximum probation period permitted by section 3651 of this title, the court for the district in which the probationer is being supervised or if he is no longer under supervision, the court for the district in which he was last under supervision, may issue a warrant for his arrest for violation of probation occurring during the probation period.

As speedily as possible after arrest, the probationer shall be taken before the court for the district having jurisdiction over him. Thereupon the court may revoke the probation and require him to serve the sentence imposed * * *."

**3.** 18 U.S.C.A. § 3565, provides in pertinent part:

"Revocation of probation
(a) Continuation or revocation.—If the defendant violates a condition of probation at any time prior to the expiration or termination of the term of probation, the court may, after a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure, and after considering the factors set forth in section 3553(a) to the extent that they are applicable—
(1) Continue him on probation, with or without extending the term [or] modifying or enlarging the conditions; or
(2) Revoke the sentence of probation and impose any other sentence that was available under subchapter A at the time of the initial sentencing."

**196**

of authority by one branch contravenes the rule of separation of powers. *Chadha* stated,

"[T]he twin purposes of preventing concentrations of power dangerous to liberty and of promoting governmental efficiency are served if we define a constitutional violation of the separation of powers as an assumption by one branch of powers that are central or essential to the operation of a coordinate branch, provided also that the assumption disrupts the coordinate branch in the performance of its duties and is unnecessary to implement a legitimate policy of the Government." 634 F.2d at 425.

Turning to the case at bar, we find no assumption by the judicial system of powers that are essential or central to the operation of the executive branch. Rather the revocation of probation before its commencement should aptly be termed an exercise of concurrent, exclusive jurisdiction over a sentenced defendant. Since the judicial system administers probation separate from the executive branch's sphere of control over the defendant's parole, there is no affront to the sensitivities of the executive branch by this judicial action. Therefore, we find that the revocation of probation before it commences does not violate the doctrine of separation of powers.

For the reasons stated, the appeal of the plaintiff is sustained and the judgment appealed from is reversed. The case is remanded to the Superior Court for further proceedings consistent with this opinion.