STATE

v.

John CHU.

No. 92–62–C.A.

Supreme Court of Rhode Island.

Nov. 13, 1992.

ORDER

This case came before this court on November 6, 1992, pursuant to an order directed to both parties to appear and show cause why the issues raised by the defendant's appeal should not be summarily decided. After considering the arguments and memoranda of counsel, we are of the opinion that the parties failed to show cause.

The pertinent facts in this case are as follows. On November 29, 1990, defendant plead *nolo contendere* to three counts of possession of a stolen vehicle. The trial justice sentenced defendant to serve five years at the Adult Correctional Institution, with one year to serve, four years suspended, and four years probation. In connection with this sentence, defendant was scheduled for release on October 20, 1991. However, on April 2, 1991, before the designated release date, defendant entered the home confinement program to finish the remainder of his sentence. While he was serving in this home confinement program, police arrested defendant and charged him with possession of a stolen vehicle and malicious damage to property. Before the trial court, defendant admitted violation of the terms of his probation, the trial justice revoked defendant's probation and sentenced him to serve three years at the Adult Correctional Institution.

The sole issue raised by defendant is whether the trial court lacked jurisdiction to revoke defendant's probation because he had not yet begun his probationary term at the time he committed the crimes giving rise to the revocation of probation. We addressed this specific issue in *State v. Jacques*, 554 A.2d 193, 195 (R.I.1989) and held that a trial court has jurisdiction to revoke probation of a defendant that violates the terms of his parole. We reasoned

that an implied condition of good behavior attaches to a defendant's sentence, violation of which is grounds for revocation of probation. *Id.* Although this case involves the home confinement program and not parole, the same analysis applies and the trial court had jurisdiction to impose the three year sentence.

The defendant recognizes that *Jacques* squarely controls this case but argues that we should overrule *Jacques*. *Jacques* was a well reasoned opinion consonant with the law of a number of other jurisdictions. *See e.g., Wright v. United States,* 315 A.2d 839, 842 (D.C.1974). We decline to overrule it.

Therefore, the defendant's appeal is denied and dismissed and the judgment appealed from is affirmed.