STATE

v.

**Dean W. BATON.**

No. 96–81–C.A.

Supreme Court of Rhode Island.

Jan. 24, 1997.

Annie Goldberg, Special Assistant Attorney General, Aaron Weisman, Assistant Attorney General, for Plaintiff.

Michael St. Pierre, for Defendant

**OPINION**

PER CURIAM.

This case came before the court for oral argument December 5, 1996, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown.

The defendant, Dean W. Baton, appeals from an adjudication entered in the Superior Court holding that he had violated the terms of his probation and ordering him to serve seven years of a previously imposed suspended sentence. The facts of the case insofar as pertinent to this appeal are as follows.

On August 16, 1994, defendant pleaded nolo contendere to charges of extortion and blackmail perpetrated against the mother of his children, Theresa Sprague (Theresa). He was sentenced to eight years of imprisonment, with one year to serve and seven years of that sentence suspended.

While still serving his one year of actual imprisonment, defendant was brought to Family Court for a hearing on a temporary restraining order that had been issued against him, enjoining defendant from annoying and molesting Theresa. In the course of the hearing in Family Court the following exchange took place among a justice of that court, Theresa, and defendant.

"The Court: There are no grounds for a restraining order.

"Mr. Baton: I don't think so. It's only paper. When I get out, I will see my kid whether you want me to or not. I don't think so, even if I have to kill you, bitch.

"Ms. Baton [Theresa Sprague]: See you people and you wonder why?

"Mr. Baton: I will see my kid. You ain't going to stop me.

"The Court: He's remanded to the A.C.I.

"Mr. Baton: I'm going there anyways. Just remember what I told you. I mean it."

This transcript was introduced at the violation hearing that was held before the Superior Court on April 7, 1995. In addition Theresa testified that defendant had made threatening phone calls to her almost daily from the time of his sentencing in August 1994. On the basis of the threat made in Family Court, a justice of the Superior Court determined that defendant had violated his implied obligation of good behavior which arose at the time that a significant portion of his sentence was suspended. The defendant raises two issues on appeal.

## I

### Plea Agreement

 The defendant argues that he had been offered a sentence of three years to serve on the violation by the state prior to the commencement of the violation hearing. This understanding is true, but when he was questioned by the hearing justice, he made the following statement.

"The Court: Mr. Baton, is that your understanding of the plea agreement?

"The Defendant: At this time, yes, Your Honor.

"The Court: Well, this is the time. No one can force you to do this.

"The Defendant: Well, it's pretty much been put to me like a gun to my head, if I don't take the three, I'm going to get stuck with seven at this point."

On the basis of this statement the trial justice determined that he had not voluntarily entered into the plea agreement. As a consequence she proceeded with the violation hearing. There is no question that the trial justice was correct in determining that defendant had not voluntarily accepted the plea agreement.

## II

### Jurisdiction

 The defendant further argues that the court lacked jurisdiction to proceed with the violation hearing since he was still serving the one year of actual incarceration previously imposed and his period of probation had not yet commenced. This argument is without merit. We have already determined in *State v. Jacques,* 554 A.2d 193, 195 (R.I. 1989), that an implied condition of good behavior arises immediately upon the imposition of a suspended sentence, allowing the lifting of the suspension, even while the defendant is on parole, in home confinement as in *State v. Chu,* 615 A.2d 1023, 1023–24 (R.I. 1992), or in actual confinement as in *State v. Tatro,* 659 A.2d 106, 109 (R.I.1995).

There is no question that the evidence before the hearing justice was more than sufficient to determine that the defendant had violated his obligation of good behavior.

Consequently the defendant's appeal is denied and dismissed, and the adjudication of violation and the imposition of sentence of seven years is hereby affirmed.