**STATE**

v.

**Kelvin DANTZLER.**

**No. 96–99–C.A.**

Supreme Court of Rhode Island.

Feb. 26, 1997.

Jane McSoley, Asst. Attorney General, Aaron Weisman, Asst. Attorney General, for Plaintiff.

Paula Lynch Hardiman, Asst. Public Defender, Paula Rosin, Asst. Public Defender, for Defendant.

## OPINION

BOURCIER, Justice.

This case came before this Court for oral argument on December 2, 1996, pursuant to an order that directed both parties to appear and show cause why the issues raised by the defendant's appeal from a Superior Court final judgment revoking the defendant's probation should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by the parties, we are of the opinion that cause has not been shown. The issues raised in the appeal will be decided at this time.

On May 21, 1986, the defendant, Kelvin Dantzler (defendant), pled nolo contendere to a charge of robbery. He was sentenced thereon to a term of twenty-five years, twelve of which he was to serve with the remaining thirteen years being suspended with probation. The trial justice specifically stated at the time of defendant's sentencing that his probationary period was "to start when you are released from the A.C.I."

On May 25, 1988, the defendant pled nolo contendere to another robbery charge and received a twenty-five year sentence with eighteen years to serve, seven years suspended with seven years of probation. The sentencing justice at that time specifically informed the defendant that his probationary period was "to commence upon his release."

On November 17, 1994, the defendant escaped from custody while on prison work release duty. While eluding the authorities, the defendant allegedly committed a sexual assault. Some six months later he was recaptured and on May 8, 1995, was arraigned on the sexual assault charge. At the same time, the defendant was presented as a violator of the probation previously imposed on his earlier 1986 and 1988 robbery charges.

At his violation hearing, the defendant contended that he could not have violated the terms of his probation because he had not yet begun either of the probationary periods specified in his two robbery charge sentences, both of which were specifically ordered by the sentencing justice to begin after his lawful release from the Adult Correction-al Institutions (ACI), after the completion of his prison sentences. Relying on that contention, the defendant moved to dismiss the state's Super.R.Crim.P. 32(f) notice of probation violation. That motion was denied on June 9, 1995. The defendant then moved for permission to withdraw his nolo contendere pleas entered on the two earlier robbery charges because, he asserted, he pled to them without any knowledge that he could be presented as a violator of the probation portion of his sentences prior to his being released from his incarceration at the ACI. His motion to withdraw his earlier pleas was also denied. Following a probation violation hearing held on September 25 and 26, 1995, the defendant was then found to have violated the terms and conditions of his probation. His suspended sentences were then vacated, and he was remanded to the ACI. The defendant appeals from the Superior Court trial justice's probation violation finding and sentencing thereon.

Although it appears that G.L.1956 § 12–19–8 vests a sentencing justice with the authority to fix when the period of a defendant's probation is to commence, *Gonsalves v. Howard*, 113 R.I. 544, 547, 324 A.2d 338, 340–41 (1974), that statute must be read in conjunction with § 12–19–9, which permits revocation of a defendant's probation whenever the terms and conditions inherent in the very privilege of probation are violated by the defendant. Those inherent terms and conditions, one of which is the implied condition of good behavior, come into existence at the very moment that a sentence that includes probation is imposed and remain until the termination of the full sentence period, regardless of where the particular defendant may be physically located. *See State v. Jacques*, 554 A.2d 193, 195 (R.I.1989). Our decision in *Jacques* is in accord with the vast majority of jurisdictions that have decided the question of whether a trial court may revoke a suspended sentence or probationary term on the basis of criminal acts committed after imposition of a sentence but before the actual suspended or probationary portion of the sentence commences.

Section 12–19–9, which permits the revocation of a defendant's probation, provides that

"*whenever*" a defendant is placed on probation pursuant to § 12–19–8 [1] and later is alleged to have violated the terms or conditions of his or her probation, a violation hearing must then be held to determine whether a violation has in fact occurred. If the defendant after hearing is determined to be a violator, his or her probation can then be revoked. In employing the broad language of § 12–19–9, the General Assembly did not limit the period in which revocation could occur to only *after* the probationary period noted in the overall sentence was stated to commence. The statute clearly permits probation to be revoked *whenever* a defendant who has been sentenced to a term that includes any period of probation imposed pursuant to § 12–19–8 is found, after hearing, to have committed any act that constitutes a violation of the implied condition of good behavior that comes into existence at the very moment the sentence is imposed and which remains until expiration of the total term of the sentence. That reading of our statute is consistent with the strong policy expressed throughout the opinions of the various courts deciding this issue in other jurisdictions.

In *Stafford v. State,* 455 So.2d 385 (Fla. 1984), the court said:

"The question here is whether a defendant probationer can, with impunity, engage in a criminal course of conduct (or for that matter any course of conduct which is essentially contrary to good behavior) during the interval between the date of an order of probation and some subsequent date when the probationary term is to commence. We think not. To hold otherwise would make a mockery of the very philosophy underlying the concept of probation, namely, that given a second chance to live within the rules of society and the law of the land, one will prove that he will thereafter do so and become a useful member of society. *Cf. McNeely v. State,* Fla.App. 1966, 186 So.2d 520. Although the statute empowers the court to revoke probation when a probationer has violated a condition of his probation in a material respect,

the power to revoke probation is an inherent power of the trial court, *Bronson v. State,* 1941, 148 Fla. 188, 3 So.2d 873, which may be exercised at anytime [sic] upon the court determining that the probationer has violated the law. *State ex rel. Roberts v. Cochran,* 140 So.2d 597 (Fla. 1962). Under the exercise of such inherent power, the court can revoke an order of probation, the term of which has not yet commenced, should the court determine that the defendant probationer has been guilty of misconduct occurring subsequent to the entry of the order of probation." 455 So.2d at 386 (quoting *Martin v. State,* 243 So.2d 189, 190–91 (Fla.Dist.Ct.App.), *cert. denied,* 247 So.2d 63 (Fla.1971)).

Additionally, the court in *Commonwealth v. Miller,* 358 Pa.Super. 219, 516 A.2d 1263 (1986), explained that

"[t]o suggest, as appellant does, that a defendant is free to commit unlimited additional crimes without in any way impairing or endangering a previously imposed sentence of probation merely because the probationary period has not commenced is to suggest an absurdity in the statute which this Court is not prepared to create. Indeed, such an interpretation would be contrary to the policy and the purposes to be served by probation. If a probationer's criminal conduct, even if committed prior to commencement of the probationary period, discloses that probation will not be in the best interests of the public or the defendant, a court may revoke or change the order of probation. The commission of a new crime violates an implied condition of probation and suggests that the defendant is a poor probation risk." *Id.,* 516 A.2d at 1265 (citing *Commonwealth v. Mallon,* 267 Pa.Super. 163, 406 A.2d 569, 571 (1979)).

Furthermore, in *State v. Sullivan,* 197 Mont. 395, 642 P.2d 1008, 1011 (1982), the court held that there is a "strong policy that if a person convicted of a crime, and granted a period of probation as part of the sentence,

---

1. A defendant is *placed* on probation pursuant to G.L.1956 § 12–19–8 when a sentence is imposed. Notably, the language of § 12–19–9 does not refer to the commencement of probation, only its imposition.

should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation, the court has the power to revoke or change the order of probation, both during the period of probation, and before the period of probation commences." *See also United States v. James*, 848 F.2d 160, 162 (11th Cir.1988)("[a]s Judge Wisdom noted [in *United States v. Ross*, 503 F.2d 940, 943 (5th Cir.1974) ], the 'argument [that probation could be revoked under § 3653 only for acts committed after the probation term had begun] ha[d] a certain superficial, if semantic, appeal,' but '[s]ound policy' required that courts should be able to revoke probation for acts committed before the sentence commenced because 'an immediate return to criminal activity [was] more reprehensible than one which occur[red] at a later date' "); Lee R. Russ, Annotation, *Power of Court to Revoke Probation for Acts Committed after Imposition of Sentence but Prior to Commencement of Probation Term*, 22 A.L.R.4th 755 (1983).

Especially relevant to the appeal before us are the decisions *Brown v. Commonwealth*, 564 S.W.2d 21 (Ky.App.1978), and *Layson v. Montgomery*, 251 Ga. 359, 306 S.E.2d 245 (1983). In *Brown*, the defendant had entered a guilty plea to two charges of robbery. He was sentenced to five years' imprisonment on one charge, and the sentence on the second charge was withheld for determination five years after his release from the first sentence imposed. While in custody the defendant escaped and committed another crime for which he was charged and convicted. His suspended sentence on the second robbery charge was revoked on the basis of that new conviction.

In response to the defendant's argument that his suspended sentence could not be revoked because it had not yet commenced, the court in *Brown* explained that "[p]robation is recognized as a privilege rather than a right. It is entirely within the trial court's discretion whether a defendant is given his liberty conditionally." 564 S.W.2d at 23. Thus, the court concluded that it was within the court's power to revoke a defendant's term of probation when a violation of the conditions of that probation occurred, regardless of whether the probationary term had actually commenced. The court further held that the defendant was "on notice that the commission of an additional crime was in violation of the conditions for probation, and it can in no way be said that he was denied due process of law." *Id.*

In *Layson*, the defendant entered a guilty plea to four burglary charges brought against him. He was sentenced to fifteen years, six to be served with nine years of probation. His sentences on the three other counts of burglary were to run concurrent with the sentence on the first burglary charge.

While serving his six years, the defendant escaped. He eventually was recaptured and entered a guilty plea to the escape charge. The court concluded that there was nothing in the Georgia statute that prevented "the revocation of the probated portion of a sentence based upon a separate crime committed during the portion of the sentence to be served in confinement." *Layson*, 306 S.E.2d at 247. The court also dismissed the defendant's contention that his plea was not knowingly and voluntarily made. Because the court had informed the defendant that a violation of criminal law could result in revocation of his probation and that his probation could be revoked or modified "at any time," the defendant's contention that his plea was not knowingly and voluntarily made was rejected. *Id.*

The aforementioned two cases are highly relevant to the facts before us since the defendant entered pleas of nolo contendere to two different robbery charges and was sentenced to terms that included probation. He later escaped while serving the confinement portion of his sentences. His argument now, claiming that his probationary term could not be revoked because he was serving only the confinement portion of his sentences and that the probation portion of his sentences had not yet commenced, has been previously posed and refuted in *Jacques* as well as by practically all courts that have considered the same contention. *See also Vogel v. State*, 543 So.2d 200, 201 (Ala.Crim. App.1989)(" 'the sentencing court is nevertheless authorized to revoke Defendant's proba-

tion for violation of a condition implicit in every suspended or probationary sentence: that Defendant, while under such sentence, will not commit another criminal offense' "); *Wright v. United States,* 315 A.2d 839, 842 (D.C.App.1974). Our decision in *Jacques* actually reflects the opinions of those courts as well as the policy concerns discussed previously. Thus, we find that the defendant's contention that his probation cannot be revoked prior to its formal commencement is without merit.

 Moreover, we conclude that no due process violation is evident from the record before us that would justify the defendant's request to withdraw his earlier pleas on the basis that they were not knowingly made. The statute pursuant to which the defendant's probation was revoked, § 12–19–9, clearly indicates that such revocation could occur whenever he was placed on probation pursuant to § 12–19–8 and violated the terms and conditions of that probation. Nothing in § 12–19–9 indicates that his probation could be revoked only after the commencement of the specific period of probation noted by the sentencing justice. We refuse to read that limitation into our statute. That statute, which is both clear and unambiguous on its face, serves as adequate notice to any defendant who is placed on probation that any act committed by him or her that is in violation of the terms or conditions of his or her probation can result in the revocation of his or her probation. Accordingly, we conclude that no due process violation occurred below because § 12–19–9 served to put the defendant on notice that his probation could be revoked at any time "whenever" he violated any term or condition of his probation.

Despite the fact that the trial justice specifically stated that the defendant's probationary term was to commence upon his official release from prison, the defendant was notwithstanding subject to, as part of his probationary sentence, an implied condition of good behavior that attached to the total length of his sentence at the time sentence was imposed and which permitted the trial justice after proper hearing to revoke his probation while he was on escaped status from the ACI. The trial justice, after con-

ducting the required hearing and reviewing the evidence before him, found that the defendant had violated his probationary period's implied condition of good behavior by committing a sexual assault while unlawfully out of custody. We find no error in that finding.

For the foregoing reasons, the defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers in this case are remanded to the Superior Court.