STATE

v.

Byron BARBER.

No. 99–23–C.A.

Supreme Court of Rhode Island.

March 14, 2001.

Virginia M. McGinn, Aaron L. Weisman, Providence, for Plaintiff.

Leo F. Manfred, Westerly, for Defendant.

Present WEISBERGER, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on February 6, 2001, pursuant to an order that directed the defendant, Byron Barber, to show cause why the issues raised in this appeal should not be summarily decided. The defendant has appealed from a Superior Court adjudication that he violated the terms of his probation while he was serving a sentence at the Adult Correctional Institutions (ACI). After hearing the arguments of counsel and reviewing the memoranda submitted by

the parties, we are of the opinion that cause has not been shown, and therefore the appeal will be decided at this time.

The defendant was convicted in 1982 of sexual assault and kidnapping as a result of events that occurred in July 1981 and was sentenced in August 1982 to twenty-five years incarceration, twenty years to serve, with five years suspended with probation. These convictions were vacated, and defendant was granted a new trial. *State v. Barber*, 468 A.2d 277, 278 (R.I. 1983). After retrial, defendant was convicted of sexual assault, and in June 1986, he again was sentenced to twenty-five years incarceration, with twenty years to serve and five years suspended with probation. While incarcerated at the ACI, defendant assaulted two prison guards. In September 1997 defendant struck a guard, and in June 1998 he threw urine mixed with orange juice at another. As a result, he was charged with violating the terms of his probation, and a probation violation hearing was held pursuant to G.L.1956 § 12–19–9(b) before a justice of the Superior Court. After determining that defendant violated the terms of his probation, the justice ordered two years of the five-year suspended sentence to be served and continued the suspension on the remaining three. The defendant appealed, although he did not challenge the hearing justice's factual finding of a violation. For the reasons that follow, we deny and dismiss the appeal.

■ First, defendant argued that pursuant to the intent of the justice who sentenced him in 1986, he could not be found to have violated his probation until he completed his term at the ACI.[1] The defendant argued that "the intention of the justice who originally imposed the suspended sentence is controlling and * * * the justice who finds a violation of probationary status and executes the sentence is bound by the initial determination," citing *State v. Studman*, 468 A.2d 918, 920 (R.I.1983), and *Pelliccia v. Sharkey*, 110 R.I. 319, 323, 292 A.2d 862, 865 (1972).

Contrary to defendant's assertion, a prisoner may be adjudged a probation violator while incarcerated and before a probationary period has actually begun, regardless of the sentencing justice's articulation of the sentence imposed. *State v. Dantzler*, 690 A.2d 338 (R.I.1997); *State v. Jacques*, 554 A.2d 193 (R.I.1989). In *Dantzler*, this Court held that the inherent terms and conditions of probation, including the implied condition of good behavior, remain in effect from the time of imposition of the sentence. Moreover, it would violate public policy and the underlying reasons for probation to allow a defendant to violate the implied condition of good behavior while serving a sentence at the ACI unless probationary consequences could be imposed, and we have interpreted §§ 12–19–8 and 12–19–9 accordingly. *Dantzler*, 690 A.2d at 339–42 (citing *Jacques*, 554 A.2d at 195).[2] Moreover, the trial justice's intent was reflected in the length of the sentence imposed.

■ Second, defendant argued that to apply the holdings of *Dantzler* and *Jacques* to him would violate the prohibition against *ex post facto* laws found in both the United States and Rhode Island Constitutions because *Dantzler* and *Jacques* postdate his 1986 sentence. This Court has pointed out, however, that the *ex post facto* clause applies only to legislative action, not to judicial interpretation of

---

1. The "Judgment of Conviction and Commitment," signed by the sentencing justice on August 20, 1986, stated the sentence as follows: "25 years. Defendant is ordered to serve the first 20 years, the remaining 5 years are suspended, probation for 5 years, said probation to commence upon defendant's release from the ACI."

2. Although the version of G.L.1956 § 12–19–9 in effect at the time of defendant's offense in 1981 differs from the version we construed in *State v. Jacques*, 554 A.2d 193 (R.I.1989), the differences are not relevant to this case.

statutes. *Lerner v. Gill*, 463 A.2d 1352, 1356–57 (R.I.1983), *pet. for writ of habeas corpus granted*, 580 F.Supp. 1056 (D.R.I. 1984), *rev'd*, 751 F.2d 450 (1st. Cir.1985) (citing *Ross v. Oregon*, 227 U.S. 150, 33 S.Ct. 220, 57 L.Ed. 458 (1913)).[3]

■ Next, defendant contended that the notice served upon him pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure informed him of the state's intention to present him as a probation violator by referencing his 1982 convictions and sentences that were vacated by this Court. Therefore, he argued, the hearing held pursuant to the notice was "illegal." However, in *State v. Desrosiers*, 559 A.2d 641, 644 (R.I.1989), we held that "a finding of violation will not be vacated because of technical noncompliance with Rule 32(f) when the defendant was in fact aware of the exact grounds for the alleged violation." Procedural due process requirements are satisfied provided a defendant is afforded an opportunity to "dispute the facts that are offered as proof of [the] violation" and "to present evidence of factors mitigating against the reimposition of the suspended sentence." *Id.* We have held that it is sufficient if notices of a violation substantially comply with the notice requirements of Rule 32(f). *State v. Godette*, 751 A.2d 742, 745 (R.I.2000) (per curiam). Here, the gravamen of the Rule 32(f) notice was clearly set forth, the error was *de minimis*, and thus defendant was "aware of the exact grounds for the alleged violation." *Desrosiers*, 559 A.2d at 644. He had an opportunity to dispute the facts offered against him and present evidence of mitigating factors. The fact that the Rule 32(f) notice referenced the vacated 1982 convictions and sentences rather than those of 1986 could not reasonably have hindered defendant's ability to defend against the charges of assaulting the guards. The only prejudice defendant claimed he suffered resulted from his decision not to present testimony by witnesses to the assaults on the guards, based on his erroneous belief that the proceeding was "illegal," a decision that was unreasonable under the circumstances. Moreover, the hearing justice did not err in allowing the state to amend the Rule 32(f) report at the hearing. A probation violation hearing is civil in nature, *State v. Smith*, 721 A.2d 847, 848 (R.I.1998) (per curiam), defendant's due process rights were not violated, and the amendment in no way prejudiced defendant.

■ The defendant also contended that the state's action was barred by the doctrine of laches because the two violation notices were not filed until fourteen months and six months, respectively, after the incidents that gave rise to the violation hearing. There is no evidence, however, that defendant suffered any prejudice from the delay, and therefore we conclude that the doctrine of laches is inapplicable. We have considered the remaining arguments raised by defendant's counsel and by defendant, and we consider them to be without merit.

Consequently, we deny and dismiss this appeal and affirm the judgment of the Superior Court, to which we return the papers in the case.

Chief Justice WILLIAMS did not participate.

---

**3.** *Studman* and *Pelliccia* did not interpret § 12–19–9 with regard to whether a prisoner can be adjudged a probation violator before his probationary period begins as *Jacques* and *Dantzler* did, but held that when a sentencing justice imposes suspended sentences, that justice's intention regarding whether the sentences are to run concurrently or consecutively is binding on a justice who later revokes suspension. *State v. Studman*, 468 A.2d 918, 920 (R.I.1983) (citing *Pelliccia v. Sharkey*, 110 R.I. 319, 323, 292 A.2d 862, 865 (1972)).