DECISION
This matter is before the court on defendant Joshua Withee's Pro Se Motion for Reconsideration of a Sentence Reduction, ("Motion"), filed on June 5, 2007.[1] As a supplement to this motion defendant wrote a letter to this Court and attached two pages from a transcript from the plea proceeding conducted before the Court, Dimitri, J. presiding.
Defendant argues, as further articulated in his written correspondence to this Court dated June 23, 2007 that the sentence this Court imposed upon defendant as a violator on August 9, 2006, was illegal as his "suspended time (was to) commence (only) upon my release . . .".
 Facts and Travel
Defendant was originally charged in this criminal information, on October 22, 2002 with one count of violating R.I.G.L. § 11-47-5. Defendant, on December 8, 2003, with counsel, plead nolo contendere to that charge and received a full sentence of seven years — two years to serve, with five years suspended, five years probation. The sentence *Page 2 
was ordered retroactive to July 13, 2002 and ordered to be served concurrently with two other sentences, (P2/2001-0177 P2/2000-0366).
At some time prior to July 19, 2006 defendant was paroled from the sentence he was serving. One condition of his parole was that the defendant be placed into home confinement while on parole. Defendant, on July 19, 2006, was charged with committing two new offenses — conspiring with another to commit arson and first degree arson. Based upon the filing of these charges the State of Rhode Island filed a Notice of Violation, pursuant to Super. Ct. R. Crim. P. 32(f), in this matter. The matter proceeded to a violation hearing[2] that started on August 3, 2006 and concluded on August 9, 2006 when defendant admitted that he had violated the terms of his probation. Based upon the admission the court sentenced defendant to the five years which had been previously suspended.
Defendant filed this motion accompanied by correspondence addressed to this Court and a copy of two pages from the transcript from the December 8, 2003 proceeding. At a hearing held on June 18, 2007 the State objected to defendant's motion. At the hearing the Court heard from both the defendant and the State. The State later filed a memorandum supporting its objection.
 Discussion
Defendant focuses his argument that the sentence imposed by this Court on August 9, 2006 was illegal on statements unquestionably made by both the prosecutor and the Court, Dimitri, J. presiding on December 8, 2003. During the plea colloquy the prosecutor requested ". . . but the five year suspended will begin upon his release . . ." The *Page 3 
court agreed with the prosecutor "the five years suspended, however, will commence on your release from the Adult Correctional Institutions." Defendant's legal argument is two fold. He stated: (1) as I was on home confinement I was not "released from the Adult Correctional Institution", and (2) as I was not "released from the Adult Correctional Institution" the five year sentence did not start as the state contends.
The State does not challenge defendant's claim that on December 8, 2003 defendant was advised, both by the prosecutor and the Court that the five year suspended sentence would commence upon defendant's release from the Adult Correctional Institution. This was what defendant understood. However, the State, based upon provisions of the Rhode Island General Laws and upon decisions from the Rhode Island Supreme Court, does not agree with defendant's conclusion.
In State v. Albert Jacques, 554 A.2d 193 (R.I. 1989) the Rhode Island Supreme Court characterized it as a case of first impression in this state. Considering decisions from other states that had addressed this issue, both supporting defendant's position that the Court lacked jurisdiction to revoke probation while a defendant was on parole, and supporting the State's position that the Court possessed jurisdiction to revoke probation while the defendant was on parole, it determined the prevailing view at that time was that ". . . probation may be revoked by a court before a defendant completes serving his sentence and begins his probationary period". Jacques infra at 194.
The Court in Jacques phrased the issue as ". . . not whether the probationary period had started but whether the potential probationer did, in fact, violate a condition of . . . probation". It held that when a defendant engaged in criminal acts he violated an implied condition of probation by failing to comply with the law. The Court further *Page 4 
decided the trial court had the jurisdiction, based upon the violation, to revoke the suspended sentence. Jacques, at 195.
The issue decided in Jacques was later reaffirmed in State v.Chu, 615 A.2d 1023 (R.I. 1992). The facts in Chu are quite similar to the facts in the present matter. Before his scheduled release date from his sentence to serve, Chu entered home confinement. While on home confinement he admittedly engaged in new criminal conduct, and was sentenced to a portion of the remaining suspended sentence.Chu challenged the Court's jurisdiction to revoke his probation as ". . . he had not yet begun his probationary term . . ."
Recognizing a factual distinction presented in Chu not present inJacques (that Chu was on home confinement, Jacques was not), the Court nevertheless rejected the request to overrule its prior decision inJacques . The Court reaffirmed its holding in Jacques that the trial court had jurisdiction to impose the sentence. More recently inState v. Price, 820 A.2d 956 (R.I. 2003) the defendant there raised a similar argument that he could not be found to be a violator of a sentence he was not yet serving. Price, at 972. The Court, relying onState v. Dantzler, 690 A.2d 338 (R.I. 1997), rejected his argument. Defendant has not offered any contrary authorities to the holdings found in Jacques, Chu, Dantzler or Price. Therefore, the Court rejects defendant's argument that the Court lacked the jurisdiction to impose the sentence upon him on August 8, 2006.
Having decided one issue raised by the defendant there remains another issue raised. As defendant suggests an additional fact is present here that was not present in either Jacques or Chu. Here the prosecutor requested, and the court expressly ruled, that the sentence was to commence upon the release of the defendant from the Adult *Page 5 
Correctional Institution. A similar set of facts were before the Rhode Island Supreme Court in State v. Dantzler, 690 A.2d 338 (R.I. 1997).
In Dantzler, on May 21, 1986, at the time the original sentence was imposed the trial justice ordered Dantzler's probationary term was to "commence upon his release" from a twelve year sentence to serve, with thirteen years suspended and probation. Dantzler, at 339. While serving his sentence Dantzler escaped, was charged and presented as a violator of his probation and the remaining thirteen year suspended sentence. Unlike defendant here, who did not raise this issue at the violation hearing, Dantzler did raise the argument before the violation hearing that he could not have violated the terms of his probation because he had not yet begun the period of probation as specifically ordered by the trial judge. The trial justice rejected Dantzler's argument and sentenced him to the Adult Correctional Institution for the balance of his original sentence.
In upholding that decision the Rhode Island Supreme Court considered that while a statute, R.I.G.L. § 12-19-8 appears to confer to a trial justice the authority to determine when a defendant's probationary term begins, that above statute had to be read along with another statute, R.I.G.L. § 12-19-9 that authorized revocation of probation when its terms are violated.
As the Court noted R.I.G.L. § 12-19-9, provides ". . .`whenever' a defendant is placed on probation pursuant to Section 12-12-8 and later is alleged to have violated the terms or condition of . . . probation a violation hearing must be held to determine whether a violation has in fact occurred." (emphasis in the original)Dantzler, at 339-340. The Court further held, "[I]n employing the broad language of Section 12-12-9, the General *Page 6 
Assembly did not limit the period in which revocation could occur to only after the probationary period noted in the overall sentence was stated to commence. The statute clearly permits probation to be revokedwhenever a defendant who has been sentenced to a term that includes any period of probation imposed pursuant to Section 12-12-8 is found, after hearing, to have committed any act that constitutes a violation of the implied condition of good behavior that comes into existence at the very moment the sentence is imposed and which remains until expiration of the total term of the sentence." (emphasis in original) Dantzler, at 340.
Here, on December 8, 2003, when the original sentence was imposed defendant was given a full sentence of seven years. The Court exercising the expressed discretion found in R.I.G.L. § 12-19-8 suspended part of the sentence and placed defendant on probation. Although the Court attempted to determine when defendant's probation started, that attempt was in conflict with prior decisions from a higher court ruling on the same issue.
Defendant's probation started the moment the original sentence was imposed (December 8, 2003), and he remains on probation until this seven year sentence ends December 7, 2010. Defendant was on probation on July 19, 2006 when he allegedly violated his probation and on August 6, 2006 when defendant admitted that he violated the terms of his probation and this Court sentenced him to the five year term previously suspended.
 Conclusion
For the foregoing reasons the defendant's motion for reconsideration of sentence reduction is hereby denied.
[1] Defendant filed a prior Motion to Reduce the sentence imposed. The State, on March 23, 2007, filed its objection, arguing that defendant's motion was filed untimely citing State v. Quaweay. This Court denied Defendant's prior Motion to Reduce ruling that motion was not timely filed.
[2] Defendant's violation hearing was combined with a Bail Hearing for the first degree arson charge before this Court pursuant to R.I.G.L. § 12-13-1.1 and Super. Ct. R. Crim. P. 5(a).