DECISION
Before this Court is Petitioner Alexander Rose's Petition for Issuance of a Writ of Habeas Corpus as well as request for post-conviction relief, in which Petitioner seeks an Order from this Court directing Respondents to discharge him from any custody maintained over him by the Probation and Parole Division of the Rhode Island Department of Corrections. The State of Rhode Island, through the Office of Attorney General, objects to the Petition and requested post-conviction relief and maintains that the Petitioner remains subject to any and all terms of probation for a full twenty (20) years following his March 14, 1994 sentencing, or until March 13, 2014. For the reasons that follow, Rose's Petition and request for post-conviction relief are denied. *Page 2 
 I Facts
The pertinent facts and travel of this case are uncontested. On March 14, 1994, Petitioner entered a plea of nolo contendere on a charge of first degree child molestation. On that same date, Petitioner was sentenced by a now-retired Superior Court justice to a twenty (20)-year full sentence, eight (8) years of which were to be served at the ACI with credit for time served, and the remaining twelve (12) years to be suspended and "12 years probation." The transcript from the plea on March 14, 1994 provides as follows:
 THE COURT: You heard the recommendation of a 20-year sentence, eight years to serve. You'll receive credit for time served retroactive to December 23, 1992. What I want to make sure you understand is that after you are released from that eight years to serve, you still have a 12-year suspended sentence hanging over you and 12 years probation. Do you understand that?
 THE DEFENDANT: I understand.
 THE COURT: When I say, "hanging over you," I just mean that for 12 years after your release you are going to be on probation during that period, the State would expect you to comply with the terms and conditions of probation. If they do allege a violation and a judge after a hearing were to find that you violated probation, that judge could then revoke the 12-year suspended sentence and you could be ordered to serve up to 12 years at the ACI. You understand all that?
 THE DEFENDANT: Yes.
 . . .
 THE COURT: In this matter the defendant is sentenced to 20 years at the ACI, eight years to serve, credit retroactive to December 23, 1992, the balance, 12 years, suspended, and upon release the defendant is placed on 12 years probation. Tr. 3/14/94, at 5-6. *Page 3 
The Judgment of Conviction and Commitment entered on March 17, 1994 reflects the following:
FULL SENTENCE 20 Year(s)
TERM TO SERVE 8 Year(s)
 Effective Date 12-23-93
CRDIT FOR TIME SERVED
SUSPENDED 12 Year(s)
PROBATION 12 Year(s) TO COMMENCE ON RELEASE

On December 17, 1997, Petitioner was released from actual incarceration at the ACI, having received credit for both good behavior and participation in correctional industries. Petitioner was released on parole on that date, which he completed without incident in July 1999.
 II Jurisdiction
Section 10-91-1 et seq. of the Rhode Island General Laws governs habeas corpus petitions. That section provides as follows:
 10-9-1. General right to writ. — Every person imprisoned in any correctional institution or otherwise restrained of his or her liberty, other than persons imprisoned or restrained pursuant to a final judgment entered in a criminal proceeding, may prosecute a writ of habeas corpus, according to the provisions of this chapter, if it shall prove to be unlawful. Section 10-9-1.
While Petitioner is not presently in the custody of the ACI, he maintains that his liberty is restricted vis-à-vis his probationary status and he is therefore entitled to relief pursuant to this chapter. Indeed, it has been held that § 10-9-1 provides "sufficient latitude to enable a person restrained by reason of commitment to the custody of a *Page 4 
probation officer to prosecute a writ of habeas corpus to terminate that restraint if unlawfully imposed." Noble v. Siwicki,97 R.I. 288, 291, 197 A.2d 298, 300 (1964). Further, because he contends that his 12-year probationary sentence has been completed, his cause should arguably be treated under this general provision since, he asserts, he is no longer "restrained pursuant to a final judgment entered in a criminal proceeding."
In addition, Petitioner seeks relief under the post-conviction remedies set forth in 10-9.1-1 et seq. That statutory framework provides as follows:
 10.9.1-1. Remedy — To whom available — Conditions. — (a) Any person who has been convicted of, or sentenced for, a crime, a violation of law, or a violation of probationary or deferred sentence status and who claims:
 . . .
 (5) That his or her sentence has expired, his or her probation, parole, or conditional release unlawfully revoked, or he or she is otherwise unlawfully held in custody or other restraint; . . . may institute, without paying a filing fee, a proceeding under this chapter to secure release. Section 10-9.1-1 (emphasis added).
Whether relief lies in a writ of habeas corpus or the post-conviction relief framework, or both, is immaterial. In the interests of justice, this Court will undertake to resolve the outstanding question presented by Petitioner — when did his probation start and, the corollary to that question, when does it end?
 III Analysis
The issue before this Court is whether Petitioner's "12-year probation" began (1) on the day of his release from actual incarceration (and therefore ended on December 17, 2009); (2) after he completed parole in July 1999 (and therefore ended sometime in July 2011); *Page 5 
or (3) eight years after the entry of his plea, on March 13, 2002 (and therefore ends on March 13, 2014).
Petitioner contends that only the first two scenarios are possible based upon the plea colloquy and the Judgment of Conviction and Commitment. Petitioner maintains that there are three distinct elements of a sentence imposed by the trial judge — time to serve, suspended time and probation. Notably, there is also the important "full sentence" that was specifically imposed upon Petitioner — that being a twenty (20)-year full sentence. Petitioner argues that because there was a "12-year suspended sentence" and "12 years probation," the probation commenced immediately upon his release from the ACI or upon his completion of parole. To impose the third scenario, Petitioner argues, would unlawfully extend the period of Petitioner's probation.
The State responds that the case law dictates that the third scenario applies. Specifically, the State principally relies uponState v. Dantzler, 690 A.2d 338 (R.I. 1997) for the proposition that Petitioner's probationary term runs contemporaneously with the full sentence imposed. This Court agrees.
The Rhode Island Supreme Court has decided a line of cases addressing the revocation of probation at various stages of defendants' sentences. See, e.g., State v.Barber, 767 A.2d 78 (R.I. 2001) (probation violation while defendant incarcerated); Dantzler, 690 A.2d 338 (probation violation while defendant on prison work release duty);State v. Baton, 688 A.2d 824 (R.I. 1997) (probation violation while defendant incarcerated); State v. Chu,615 A.2d 1023 (R.I. 1992) (probation violation while defendant on home confinement); State v. Jacques, 554 A.2d 193 (R.I. 1989) (probation violation while defendant on parole). The structure of the sentences in several of those *Page 6 
cases is similar to the structure of the sentence imposed upon Petitioner — to wit, a full sentence, part of which is to be served at the ACI and part of which is to be suspended, with probation being specified as the same length of time as the suspended time to start upon release from the ACI. SeeBarber, 767 A.2d at 79 n. 1 (defendant sentenced to 25 years, "`[d]efendant is ordered to serve the first 20 years, the remaining 5 years suspended, probation for 5 years, said probation to commence upon defendant's release from the ACI.'") (quoting pertinent Judgment of Conviction and Commitment); Dantzler,690 A.2d at 339 (defendant on two concurrent sentences, 25 years, with 12 to serve, with the remaining 13 years suspended with probation, and 25 years, 18 to serve, 7 years suspended with 7 years probation; both sentencing justices advised defendant that his probationary period would begin upon release from the ACI);Chu, 615 A.2d at 1023 (defendant sentenced "to serve five years at the [ACI], with one to serve, four years suspended, four years probation"); Jacques, 554 A.2d at 193 ("defendant received concurrent ten-year sentence with six years to serve, four years suspended and four years' probation").
In each of the aforementioned cases, the Supreme Court held that the defendants were properly adjudged to be violators of probation pursuant to § 12-19-9, despite each defendant's contention that his probationary period had not yet commenced. SeeBarber, 767 A.2d at 79 ("prisoner may be adjudged a probation violator while incarcerated and before a probationary period actually began, regardless of the sentencing justice's articulation of the sentence imposed"); Baton, 688 A.2d at 825 (citingJacques, Chu, and Dantzler in holding that implied condition of good behavior arises immediately upon sentencing);Dantzler, 690 A.2d at 339-40 (implied condition of good behavior "comes *Page 7 
into existence at very moment sentence is imposed and remains until expiration of total term of sentence"); Chu, 615 A.2d at 1024 (specifically rejecting defendant's request to overturn Jacques); Jacques, 554 A.2d at 195 (court had authority to revoke suspended sentence because "implied condition of good behavior attached to the suspended sentence from the moment the sentence was incurred").
Petitioner argues that his case is distinguishable from each of the aforementioned cases in that he has not been charged with a new offense, that he is not incarcerated or otherwise subject to parole or home confinement, and the question here is not whether he is subject to the strictures of probation before his probationary period has actually commenced. Notwithstanding these distinctions, the Supreme Court's analysis in Dantzler is instructive and controlling. In Dantzler, the Supreme Court held,
 Although it appears that G.L. 1956 § 12-19-8 vests a sentencing justice with the authority to fix when a period of a defendant's probation is to commence, . . . that statute must be read in conjunction with § 12-19-9, which permits revocation of a defendant's probation whenever the terms and conditions inherent in the very privilege of probation are violated by the defendant. Those inherent terms and conditions, one of which is the implied condition of good behavior, come into existence at the very moment that a sentence that includes probation is imposed and remain until the full sentence period, regardless of where the particular defendant may be physically located. See State v. Jacques, 554 A.2d 193, 195 (R.I. 1989). . . .
 . . . The [probation revocation] statute clearly permits probation to be revoked whenever a defendant who has been sentenced to a term that includes any period of probation imposed pursuant to § 12-19-8 is found, after hearing, to have committed any act that constitutes a violation of the implied condition of good behavior that comes into existence at the very moment the sentence is imposed and which remains until expiration of the total term of the sentence. Dantzler, 690 A.2d at 339-40 (emphasis added). *Page 8 
Additionally, the Supreme Court noted that a "defendant is placed on probation pursuant to G.L. 1956 § 12-19-8, when a sentence is imposed." Dantzler,690 A.2d at 340 n. 1 (emphasis in original).
It is undisputed that Petitioner's "20-year full sentence" began on March 14, 1994 and ran until March 13, 2014. While Petitioner was afforded good time credit and released from the ACI prior to completing eight (8) years in incarceration, this good time credit does not change the beginning date and end date of Petitioner's full sentence. The Supreme Court's holding in Dantzler dictates that Petitioner's obligation to keep the peace and be of good behavior or be subject to a probation violation pursuant to § 12-19-9 runs from the time the sentence was imposed on March 14, 1994 until the expiration of that 20-year full sentence, on March 13, 2014. That obligation remains "regardless of where the particular defendant may be physically located."Dantzler, 690 A.2d at 339 (citing Jacques,554 A.2d at 195). Accordingly, until Petitioner's twenty (20)-year full sentence is completed on March 13, 2014, Petitioner remains on probation.
Petitioner's reliance on the trial justice's colloquy as shortening Petitioner's probationary period to only twelve (12) of the twenty (20)-year full sentence is unavailing. To accept Petitioner's argument would be to endorse an illegal sentence in contravention of the Supreme Court's holdings and rationale inDantzler and other cases discussed supra which reflect the Court's strong policy to impose the implied terms of probation for the length of the full sentence, no matter how the trial justice structured the suspended and probationary time. Moreover, to adopt Petitioner's argument that the 12-year probationary period immediately began when he was released from incarceration or parole renders the "twenty (20)-year full sentence" meaningless, where Petitioner did not *Page 9 
serve the entire 8 years sentence at the ACI but was released on parole and was afforded good time credits. Simply put,Dantzler does not allow such a result as Petitioner suggests.
 IV Conclusion
For these reasons, the Petition for Habeas Corpus and Petitioner's request for post-conviction relief are denied.

 *Page 1