E. Robert DePASQUALE a/k/a Douglas Terrace Condominiums and R & W Realty Co.

v.

AMERICAN CASUALTY COMPANY OF READING, PA, INC.

No. 98–585–Appeal.

Supreme Court of Rhode Island.

April 20, 2000.

Stephen C. Mackie, Providence.

John W. Kershaw, Providence.

## ORDER

This case came before the Supreme Court on April 11, 2000, pursuant to an order directing the parties to appear and show cause why the issues raised on appeal should not be summarily decided. The plaintiffs, E. Robert DePasquale a/k/a Douglas Terrace Condominiums and R & W Realty Co., have appealed from an order denying their motion for summary

judgment and granting the cross-motion for summary judgment of defendant, American Casualty Company of Reading, PA, Inc. After hearing the arguments of counsel for the parties and examining their memoranda, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time.

By contract, the parties agreed that defendant would provide insurance coverage on the property located at 1565 Douglas Avenue in North Providence, Rhode Island, for the period from June 22, 1993 to June 22, 1994. The property encompassed 11 acres of land and contained about 10 multistory apartment buildings. Some time before April 7, 1994, a pipe in the property's water system ruptured. For financial reasons, the break was bypassed and never excavated. Nevertheless, to repair the resulting damage, it was necessary to engage in extensive digging in the paved parking lot, install a temporary water line, replace the broken water line, and landscape the affected areas.

The plaintiffs made a claim for insurance coverage with defendant that ultimately was denied. On March 31, 1995, plaintiffs filed this suit alleging that the water pipe break and resulting damage were covered by the insurance policy and, further, that defendant had breached its obligations thereunder. At the hearing on the plaintiffs' subsequent motion for summary judgment, the motion justice denied plaintiffs' request after finding that the property at issue was not covered under the policy. At that time, the justice also encouraged defendant to make an oral motion for summary judgment, which motion was thereafter granted.[1]

On appeal, plaintiffs argued that the motion justice erred in interpreting the policy. Specifically, plaintiffs claimed that the loss was clearly covered by the terms of an endorsement entitled, "Causes of Loss—Special Form." It is plaintiffs' contention that the loss that they suffered was not expressly excluded in this endorsement, and, therefore, the loss was covered. The plaintiffs further argued that the endorsement specifically provided coverage for water damage under the "additional coverage extensions" provision.

In general, this Court applies the same rules when construing insurance policies as it does when construing contracts. *Aetna Casualty & Surety Co. v. Sullivan,* 633 A.2d 684, 686 (R.I.1993). This Court will not depart from the literal language of the contract as long as the contract is not ambiguous. *Id.* Each word is given its plain, ordinary, and usual meaning when deciding if a policy is ambiguous, and if the terms are capable of more than one meaning, then the policy is construed in favor of the insured and against the insurer. *Id.* Moreover, this Court will not engage in mental gymnastics, nor shall we stretch the language to create an ambiguity where clearly none exists. *Id.*

In the case before us, the motion justice did not err in her interpretation of the policy, and she correctly stated that in order for plaintiffs to recover under the policy, "There's got to be two things. There's got to be a covered loss on covered property." Under the policy, "property not covered" is defined to include: "Bridges, roadways, walks, patios or other paved surfaces; * * * The cost of excavations, grading, backfilling or filling; * * * Land (including land on which the property is located), water, growing crops or lawns; * * * Underground pipes, flues or drains." The plaintiffs admitted that the loss was caused by a "break in the water system." They also acknowledged that the break resulted in damage to a bridge, a parking lot and a landscaped area. Finally, they conceded that the repair of the damage necessitated extensive digging. These admissions lead us to the inescap-

---

1.  Counsel for plaintiffs conceded at oral argument that he had not objected to the oral motion for summary judgment and therefore has waived any facet of the motion's nonconformance to Rule 56 of the Superior Court Rules of Civil Procedure.

able conclusion that the damaged property was not covered under the policy.[2]

This fact alone is dispositive of the issue of coverage, and we decline to engage in the mental gymnastics required to embrace plaintiffs' suggestion that the property was covered under a policy provision purporting to extend covered causes of loss. Thus, our review of the grant of summary judgment, viewed in the light most favorable to plaintiffs, reveals no genuine issue of material fact, and defendant is entitled to judgment as a matter of law. *Accent Store Design, Inc. v. Marathon House, Inc.,* 674 A.2d 1223, 1225 (R.I. 1996).

For these reasons, plaintiffs' appeal is denied and dismissed, the final judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.

---

**2.** We also note that plaintiffs provided no evidence of the exact site of the water pipe break. It is undisputed, however, that the replacement water system circumnavigated the rupture at the bridge, a structure that is clearly not covered under the policy.