June 22, 2018

**Supreme Court**

Tara J. Cancel, as Administratrix : No. 2017-370-Appeal.
  of the Estate of Ira Lukens              (PC 15-4204)

             v.             :

City of Providence et al.          :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Tara J. Cancel, as Administratrix : No. 2017-370-Appeal.
  of the Estate of Ira Lukens (PC 15-4204)

v. :

City of Providence et al. :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Chief Justice Suttell, for the Court.** The plaintiff, Tara J. Cancel (Cancel), as Administratrix of the Estate of Ira Lukens (Lukens), appeals from a Superior Court summary judgment entered in favor of the defendants, the City of Providence and various city officials (collectively the city).[1] Cancel asserts that there remain genuine issues of material fact regarding whether the city knew of the dangerous condition of a pothole on a street in Roger Williams Park (the park) and whether it "willfully and/or maliciously failed to warn" of the pothole, which would strip the city of the protection against liability afforded under Rhode Island's Recreational Use Statute, G.L. 1956 chapter 6 of title 32 (RUS). This case came before the Supreme Court pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

---

[1] The city officials named as defendants include James J. Lombardi, in his capacity as Treasurer for the City of Providence; Joseph Salem, in his capacity as Director of Roger Williams Park Services; Russel Knight, in his capacity as Director of Providence Public Works; Sal Solomon, in his capacity as Superintendent of the Highway Division for the City of Providence; and Wendy Nilsson, in her capacity as Superintendent of Providence Parks and Recreation.

# I

## Facts and Procedural History

On June 9, 2014, Lukens was thrown from his bicycle after striking a pothole on a road in the park.[2] Cancel filed a complaint on September 28, 2015, wherein she alleged that Lukens suffered serious personal injuries as a result of the city's negligence in maintaining the park. Cancel subsequently filed an amended complaint alleging, in addition to negligence, willful and/or malicious failure to warn, inspect, and/or repair the roadway within the park. The amended complaint further asserted that the city's conduct was a direct and proximate cause of Lukens' injuries.

On January 20, 2017, the city filed a motion for summary judgment. The matter was argued in the Superior Court on April 19, 2017, after which the hearing justice deferred her ruling so that Cancel could depose the Superintendent of the City of Providence's Department of Parks. The matter was heard again on July 17, 2017, and the hearing justice thereafter granted the city's motion for summary judgment. Judgment entered on August 11, 2017. Cancel filed a timely notice of appeal.

# II

## Standard of Review

"This Court will review the grant of a motion for summary judgment *de novo*, employing the same standards and rules used by the hearing justice." *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016) (quoting *Daniels v. Fluette*, 64 A.3d 302, 304 (R.I. 2013)). "We will affirm a [trial] court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material

---

[2] Ira Lukens has since passed away. It is not suggested that he died from any injuries causally related to the accident that underlies this appeal.

fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting *Daniels*, 64 A.3d at 304). "Furthermore, 'the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions.'" *Id.* (quoting *Daniels*, 64 A.3d at 304). "[S]ummary judgment should enter against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *." *Id.* (quoting *Lavoie v. North East Knitting, Inc.*, 918 A.2d 225, 228 (R.I. 2007)).

## III

### Discussion

Cancel argues that genuine issues of material fact exist as to whether the city "knew of the dangerous condition and willfully and/or maliciously failed to warn against it." Under § 32-6-3,

> "an owner of land who either directly or indirectly invites or permits without charge any person to use that property for recreational purposes does not thereby:
>> "(1) Extend any assurance that the premises are safe for any purpose;
>> "(2) Confer upon that person the legal status of an invitee or licensee to whom a duty of care is owed; nor
>> "(3) Assume responsibility for or incur liability for any injury to any person or property caused by an act of omission of that person."

The purpose behind the RUS is to encourage landowners to open their property to the public for recreational use by limiting landowner liability. *Pereira v. Fitzgerald*, 21 A.3d 369, 371 n.1 (R.I. 2011); *Berman v. Sitrin*, 991 A.2d 1038, 1043 (R.I. 2010). Persons using such property are treated as though they are trespassers, meaning that the landowner owes them no duty "other than to refrain from willful or wanton conduct." *Berman*, 991 A.2d at 1043, 1044. Moreover, such a duty arises only after the trespasser has been "discovered in a position of peril." *Cain v.*

*Johnson*, 755 A.2d 156, 161 (R.I. 2000); *see Tantimonico v. Allendale Mutual Insurance Co.*, 637 A.2d 1056, 1057 (R.I. 1994).

Cancel argues that an exception to the RUS applies in this case under § 32-6-5(a)(1), which provides that landowner liability will not be limited "[f]or the willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity after discovering the user's peril[.]" Cancel points to the testimony of Joseph Salem and Robert McMahon to support her assertion. She asserts that, during his deposition, Salem, the Director of Roger Williams Park Services, testified that there is no regular schedule for inspection of the roadways within the park. However, Salem also testified that the strip of road where the pothole was located was driven over daily by McMahon, the then Superintendent of the park. Likewise, McMahon confirmed that he traveled over the area in question at least two to three times per week on his way into the park and once per week while he was leaving the park. Cancel also asserts that the photographs of the pothole make it "clearly foreseeable that any reasonable person would recognize [that] a pothole of this size should be remedied, repaired or marked off so as to not cause a danger to the public."

It is undisputed that the park is open to the public free of charge and that Lukens was engaged in the recreational activity of riding his bicycle at the time he was injured.[3] Therefore, immunity under the RUS clearly applies to the city. The remaining issue is whether the exception provided in § 32-6-5(a)(1) also applies.

---

[3] General Laws 1956 § 32-6-2(4) of the RUS provides that "[r]ecreational purposes" include "bicycling."

This Court had occasion to examine this exception to the RUS in *Berman*, cited *supra*.[4] The plaintiff in *Berman* sustained catastrophic injuries when he walked down a path leading off Newport's famed Cliff Walk and the ground beneath him gave way, causing him to fall approximately twenty-nine feet to the rocks below. *Berman*, 991 A.2d at 1042. In *Berman*, this Court analyzed the two distinct phrases of § 32-6-5(a)(1). *Id.* at 1049. First, this Court considered whether or not the City of Newport had "discover[ed] the user's peril[.]" *Id.* This Court interpreted the term "discovering" as used in § 32-6-5(a)(1) liberally and held that it included incidents where the City of Newport had not come upon a specific user in peril but had been put on sufficient notice of a dangerous condition. *Id.* at 1050, 1051.

This Court in *Berman* determined that the City of Newport knew that the plaintiff was in a position of peril because the City of Newport had actual notice of the defective condition of the Cliff Walk due in large part to the knowledge that individuals had fallen to their death from the defect in the past. *Berman*, 991 A.2d at 1050. This Court held: "It is because of the multiple incidents of death and grievous injury that we conclude that the [City of Newport] may not successfully defend this claim based on an assertion that it had no specific knowledge of [the plaintiff] or any peril confronting him." *Id.* at 1051. This Court further emphasized that "it is the number of serious injuries flowing from a known risk that brings us to this conclusion today." *Id.*

This Court, in *Berman,* next considered the terminology "willful or malicious failure to guard or warn against a dangerous condition, use, structure, or activity" and concluded that the language imposed a duty upon the City of Newport, thereby precluding the City of Newport from "invoking the RUS as a shield against liability for [the plaintiff's] injuries." *Id.* at 1052.

---

[4] We consider *Berman* here because it was relied upon by plaintiff. We note, however, that *Berman* is readily distinguishable from the facts at hand.

In the case now before us, the only evidence that the city had any notice concerning the pothole is McMahon's and Salem's deposition testimony that McMahon traveled in the area at least several times per week on his way to and from the park. Although McMahon denied having notice or knowledge of the pothole, Cancel asks this Court to question the veracity of McMahon's testimony and queries, "How could someone admit to driving over the defect * * * and then claim to have no notice[?]" She has proffered no evidence, expert or otherwise, however, that demonstrates that the pothole was, in fact, present at any of the times that McMahon drove over the roadway or that the city had received any complaints or other notice concerning the condition of the roadway.

The facts of this case are more akin to those cases in which this Court has refused to apply § 32-6-5(a)(1). *See Carlson v. Town of South Kingstown*, 111 A.3d 819, 821, 824, 825 (R.I. 2015) (distinguishing the case from *Berman* and refusing to apply § 32-6-5(a)(1) where the plaintiff stepped into a divot at a town park and sustained injuries, because there was no showing "that the town knew of the particular hole that injured [the] plaintiff or of similar persons injured by similar defects in the park"); *Lacey v. Reitsma*, 899 A.2d 455, 456, 458 (R.I. 2006) (holding that § 32-6-5(a)(1) was inapplicable where the plaintiff, a nine-year-old boy, veered over a cliff on his bicycle in a state park because there was no evidence that the defendants discovered the plaintiff "in a position of peril and then failed to warn him" of the potentially dangerous condition).

In the case under review, plaintiff "bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon [the] mere allegation[]" that McMahon must have had knowledge of the pothole. *See Newstone Development, LLC*, 140 A.3d at 103 (quoting *Daniels*, 64 A.3d at 304). After viewing the evidence in the light most

favorable to the nonmoving party, we cannot conclude that there is a genuine issue of material fact concerning the city's knowledge of the dangerous condition or "discover[y] [of] the user's peril[.]" Section 32-6-5(a)(1).

Moreover, the evidence in this case cannot support an assertion that the city willfully or maliciously failed to guard or warn against the pothole. *See* § 32-6-5(a)(1). In *Berman*, this Court made a clear distinction between the facts presented in that case and those presented in *Quick v. Stone Mountain Memorial Association*, 420 S.E.2d 36 (Ga. Ct. App. 1992). *Berman*, 991 A.2d at 1052. This Court noted that, under the facts in *Quick*, "the park officials 'were *unaware of any other accidents that had occurred in th[e]area*.'" *See id.* (quoting *Quick*, 420 S.E.2d at 38). The *Berman* Court again heavily relied on the fact that the City of Newport had knowledge of past accidents that had occurred as a result of "the Cliff Walk's latent dangerous condition." *Id.* at 1053. In the instant case, there is no evidence that the city had actual knowledge of the pothole, had received complaints regarding the condition of the roadway, or had notice of any past incidents resulting from the condition of the roadway. Therefore, we conclude that summary judgment was appropriately granted.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to the Superior Court.

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Tara J. Cancel, as Administratrix of the Estate of Ira Lukens v. City of Providence, et al. |
| **Case Number** | No. 2017-370-Appeal. (PC 15-4204) |
| **Date Opinion Filed** | June 22, 2018 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Maureen B. Keough |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Andrew O. Resmini, Esq.<br>Ronald J. Resmini, Esq.<br>For Defendants:<br><br>Jillian H. Barker, Esq. |