June 11, 2020

**Supreme Court**

No. 2019-166-Appeal.
(PC 17-2233)

Robin E. Nelson                    :

v.                    :

Allstate Insurance Company.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Robin E. Nelson             :

v.                       :

Allstate Insurance Company.      :

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.** The plaintiff, Robin Nelson, is challenging the dismissal of her breach-of-contract case against her homeowner's insurance carrier, the defendant, Allstate Insurance Company, after a hearing justice granted the defendant's motion for summary judgment. This case came before the Supreme Court on May 13, 2020, via WebEx video conference pursuant to an order directing the parties to appear and show cause why the issue raised in this appeal should not be summarily decided. After considering the parties' written and oral submissions and reviewing the record, we conclude that cause has not been shown and that this case may be decided without further briefing or argument. For the reasons set forth in this opinion, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

On May 6, 2017, plaintiff's water heater leaked and flooded the basement of her residence in Providence. The plaintiff had a homeowner's insurance policy in place, purchased from defendant, to cover a variety of types of damage and loss at her residence. The defendant, however, declined to cover the damage to plaintiff's residence from the "burst" water heater because, defendant asserted, this peril was not a covered loss under plaintiff's policy. The plaintiff filed a

complaint in Providence County Superior Court claiming that defendant had breached the insurance contract when it refused to provide coverage to plaintiff under the policy for the expenses she incurred from the repairs necessitated by the water heater malfunction.

In October 2018, defendant filed a motion for summary judgment, arguing that plaintiff's breach-of-contract claim failed as a matter of law because, under the unambiguous language of the policy, flooding of the interior of the residence caused by a defective water heater was not a loss that was covered by the policy. At the hearing held on defendant's motion in January 2019, plaintiff argued that the policy covered this damage because, while the policy language did not list sudden loss due to a malfunctioning water heater and explicitly excluded several types of water damage, the language did cover direct, sudden losses to the residence. The hearing justice concluded that the policy language was unambiguous and did not cover the loss claimed by plaintiff. Accordingly, the hearing justice granted defendant's motion for summary judgment. The plaintiff filed a timely notice of appeal.[1]

## II

## Standard of Review

"This Court will review the grant of a motion for summary judgment *de novo*, employing the same standards and rules used by the hearing justice." *JHRW, LLC v. Seaport Studios, Inc.*, 212 A.3d 168, 175 (R.I. 2019) (quoting *Cancel v. City of Providence*, 187 A.3d 347, 349 (R.I. 2018)). "We will affirm a trial court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* (quoting

---

[1] The plaintiff filed her notice of appeal prior to the entry of final judgment; however, we deem a notice of appeal filed before the entry of final judgment to be timely filed. *Giarrusso v. Giarrusso*, 204 A.3d 1102, 1106 n.7 (R.I. 2019).

*Cancel*, 187 A.3d at 350). "Furthermore, the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions." *Id.* (quoting *Cancel*, 187 A.3d at 350).

### III

### Discussion

The plaintiff argues that the hearing justice erred when she concluded the policy did not cover the damage caused by the water heater malfunction. The plaintiff agrees that the language of her homeowner's insurance policy is unambiguous, but asserts that the policy clearly covers her loss because this kind of water damage is not among the types of loss explicitly excluded by the language of the policy. The plaintiff also asserts that it would be absurd for every conceivable type of loss to be explicitly listed in an insurance policy and that the "real issue is whether the loss secondary to water damage as a result of a water heater's failure[] is excluded."

"An insurance policy is contractual in nature." *Medical Malpractice Joint Underwriting Association of Rhode Island v. Charlesgate Nursing Center, L.P.*, 115 A.3d 998, 1002 (R.I. 2015) (brackets omitted) (quoting *Derderian v. Essex Insurance Co.*, 44 A.3d 122, 127 (R.I. 2012)). "Accordingly, when interpreting the disputed terms of an insurance policy, we must do so in accordance with the rules of construction that govern contracts." *Id.* "It is well-settled that this Court shall not depart from the literal language of the policy absent a finding that the policy is ambiguous." *Id.* (quoting *Nunez v. Merrimack Mutual Fire Insurance Co.*, 88 A.3d 1146, 1149 (R.I. 2014)).

"In order to determine whether the terms of a policy are ambiguous, 'we give words their plain, ordinary, and usual meaning.'" *Charlesgate Nursing Center*, 115 A.3d at 1002 (quoting

*Derderian*, 44 A.3d at 128). "The Court considers the policy in its entirety and does not establish ambiguity by viewing a word in isolation or by taking a phrase out of context." *Id.* (quoting *Derderian*, 44 A.3d at 128). While "this Court has clearly established that '[a] policy [deemed ambiguous] will be strictly construed in favor of the insured and against the insurer[,]'" *id.* at 1003 (quoting *Derderian*, 44 A.3d at 127), the Court "shall refrain from engaging in mental gymnastics or from stretching the imagination to read ambiguity into a policy where none is present." *Id.* (quoting *Koziol v. Peerless Insurance Company*, 41 A.3d 647, 651 (R.I. 2012)).

The parties agree that there are no material facts in dispute and that the only issue to be resolved in this case is whether, as a matter of law, the policy in question covered plaintiff's loss. The plaintiff's homeowner's insurance policy states, in pertinent part, the following:

"Losses We Cover Under Coverages A, B and C:

"We will cover sudden and accidental direct physical loss to the property described in Coverage A – Dwelling Protection, Coverage B – Other Structures Protection and Coverage C – Personal Property Protection except as limited or excluded in this policy, caused by:

"1. Fire or Lightning.

"2. Windstorm or Hail.

"* * *

"3. Explosion.

"4. Riot or Civil Commotion, including pillage and looting during, and at the site of, the riot or civil commotion.

"5. Aircraft, including self-propelled missiles and spacecraft.

"6. Vehicles.

"7. Smoke.

"* * *

- 4 -

"8. Vandalism and Malicious Mischief.

"* * *

"9. Theft, or attempted theft, including disappearance of property from a known place when it is likely that a theft has occurred. Any theft must be promptly reported to the police.

"* * *

"10. Breakage of glass which is part of the covered building structure. * * * ." (Emphases omitted.)

The policy also includes a list of specific types of losses that are excluded from coverage, including:

"Losses We Do Not Cover Under Coverages A, B, and C:

"We do not cover loss to the property described in Coverage A – Dwelling Protection, Coverage B – Other Structures Protection and Coverage C – Personal Property Protection caused by or consisting of:

"1. Flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.

"2. Water or any other substance that backs up through sewers or drains.

"3. Water or any other substance that overflow from a sump pump, sump pump well or other system designed for the removal of subsurface water which is drained from a foundation area of a structure.

"4. Water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the residence premises.

"We do cover sudden and accidental direct physical loss caused by fire, explosion or theft resulting from items 1 through 4 listed above." (Emphases omitted.)

- 5 -

These excerpts from the relevant portions of plaintiff's homeowner's insurance policy are clear and can be read together. We agree with the parties and the hearing justice that the policy's language is unambiguous. The literal language in the policy indicates that the policy does not include water damage caused by a malfunctioning appliance in the dwelling as part of the "sudden and accidental direct physical loss[es]" explicitly listed as covered losses by the policy.[2]

The plaintiff distinguishes her case from our holding in *DePasquale v. American Casualty Company of Reading, PA, Inc.*, 764 A.2d 180 (R.I. 2000) (mem.), in which we affirmed the entry of summary judgment in favor of the defendant insurance company because the underground water pipes that ruptured, resulting in extensive damage to the plaintiff's property, were expressly excluded by the unambiguous language of that policy and therefore did not qualify as property covered by the policy. *DePasquale*, 764 A.2d at 181-82. Here, as in *DePasquale*, we "will not depart from the literal language of the contract[.]" *Id.* at 181; *see Nunez*, 88 A.3d at 1149 (affirming entry of summary judgment in favor of insurance company when policy explicitly excluded loss caused by corrosion). Even without a specific exclusion, the damage caused by the plaintiff's malfunctioning water heater is clearly not one of the hazards articulated in the policy language quoted above. *See* 10A Steven Plitt et al., *Couch on Insurance* 3d § 148:48 (June 2020 update) ("A loss which does not properly fall within the coverage clause cannot be regarded as covered thereby merely because it is not within any of several specific exceptions[.]"). Accordingly, we affirm the entry of summary judgment in favor of the defendant on the plaintiff's claim for breach of the insurance contract.

---

[2] We suspect that plaintiff takes little solace from the fact that she was covered for damage caused by "self-propelled missiles and spacecraft," yet not from a leaky water heater. This case underscores the importance of carefully reading an insurance policy.

## IV

## Conclusion

For the reasons set forth herein, the judgment of the Superior Court is affirmed.  The record of this case shall be returned to the Superior Court.

# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Robin E. Nelson v. Allstate Insurance Company. |
| **Case Number** | No. 2019-166-Appeal.<br>(PC 17-2233) |
| **Date Opinion Filed** | June 11, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Melissa A. Long |
| **Attorney(s) on Appeal** | For the Plaintiff:<br><br>Bernard P. Healy, Esq. |
| | For the Defendant:<br><br>Peter A. Clarkin, Esq.<br>Jeffrey D. Pethick, Esq. |