June 30, 2020

**Supreme Court**

No. 2017-248-Appeal.
No. 2017-249-Appeal.
(KM 13-1127)

Arthur Quattrucci et al.          :

v.          :

James Lombardi, in his capacity as Treasurer   :
  of the City of Providence, Rhode Island.

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Supreme Court

No. 2017-248-Appeal.
No. 2017-249-Appeal.
(KM 13-1127)

Arthur Quattrucci et al.          :

v.          :

James Lombardi, in his capacity as Treasurer   :
    of the City of Providence, Rhode Island.

Present: Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Chief Justice Suttell, for the Court.**  This appeal concerns a retired firefighter and two

retired police officers (collectively plaintiffs) who contend that the City of Providence (the City)

violated the terms of two Superior Court consent judgments entered in 2004.  The plaintiffs filed

a miscellaneous petition in Superior Court seeking to enforce those judgments and to hold the City

in contempt.  The plaintiffs now appeal from a final judgment dismissing their petition and granting

judgment for the City.  For the reasons stated in this opinion, we vacate the judgment of the

Superior Court and remand the case for further proceedings.

**I**

**Facts and Procedural History**

The plaintiffs are Arthur Quattrucci (Quattrucci), who served as a firefighter for the City

and retired in 1992, and John A. Santilli (Santilli) and Robert P. Garvin (Garvin), who served as

police officers for the City and also retired in 1992.[1]  All three plaintiffs retired under collective

---

[1] Quattrucci retired on March 26, 1992.  Santilli retired on December 17, 1992, and Garvin retired on July 22, 1992.

bargaining agreements (CBAs).[2]  At the time of their retirements, City of Providence Chapter 1991-5, Ordinance No. 18 provided a 5 percent compounded cost-of-living adjustment (COLA) for police officers who retired on or after June 30, 1991, and the same for firefighters who retired on or after July 1, 1991.  After plaintiffs' respective retirements, the City enacted ordinances in 1995 and 1996 reducing their COLAs.  The plaintiffs, among others, sued and reached settlements with the City in 2004, which were embodied in consent judgments (the 2004 Consent Judgments).[3] Each consent judgment provides, in part:

> "[t]he defendants, their agents, successors and all persons acting under them are permanently enjoined from denying the * * * plaintiffs the COLAs that are required to be paid under the CBAs that were in place at the time of their retirement. * * * The defendants, their agents, successors and all persons acting under them are compelled to pay the * * * plaintiffs the COLAs that are required to be paid under the CBAs that were in place at the time of their retirement."

Thereafter, in April 2012, the City enacted Chapter 2012-20, Ordinance No. 276 (the Pension Ordinance), which amended Chapter 17, Article VI of the Providence Code of Ordinances governing the retirement system and suspended plaintiffs' COLAs, which the City refused to pay as of January 1, 2013.  The Pension Ordinance provided, in part, "Notwithstanding any other ordinance, collective bargaining agreement, or interest arbitration award[,] * * * [a]ll retired employees and any beneficiary of such employee who receive[d] any service or any ordinary disability retirement allowance or any accidental disability retirement allowance * * * shall have their cost-of-living adjustment suspended[.]"

---

[2] Santilli and Garvin retired under the 1992-1993 Fraternal Order of Police (FOP) CBA, and Quattrucci retired under the 1992-1995 International Association of Firefighters (IAFF) CBA.
[3] Quattrucci was a plaintiff in *Arena v. City of Providence*, PC 01-2224, and Garvin and Santilli were plaintiffs in *Abad v. City of Providence*, PC 01-2223.

The day after the city council passed the Pension Ordinance, it passed Resolution of the City Council No. 277 (Resolution 277). The relevant portion of Resolution 277 states, "[T]he City Council by this Resolution authorizes and instructs the Mayor and City Solicitor to take all actions on behalf of the City, including, without limitation, commencement of legal action in a court of competent jurisdiction, necessary to challenge and/or modify the Consent Decree and effectuate suspension of the COLAs * * * ."

City employees, including these plaintiffs, sued the City in response to its enactment of the Pension Ordinance, and many of them, excluding these plaintiffs, ultimately settled with the City; the settlement was embodied in a final consent judgment (the 2013 Judgment). The 2013 Judgment provided, "Persons who opt-out of and are thereby excluded from the Settlement * * * shall remain bound by the Pension Ordinance, subject to their right to challenge the Pension Ordinance." The "opt-outs" filed three lawsuits, including the case at bar.[4]

The plaintiffs, who did not settle with the City in 2013, filed a petition to enforce the 2004 Consent Judgments and hold the City in contempt of those judgments.[5] The City filed an answer and counterclaim, which included five claims under Rule 60(b) of the Superior Court Rules of Civil Procedure for relief from final judgment.[6]

---

[4] The other lawsuits are: *Andrews v. Lombardi*, KC 13-1128 (to challenge the Medicare ordinance) (the Medicare Case), which has been appealed before this Court under Nos. 17-255, 17-256, 17-257, and 17-260; and *Andrews v. Lombardi*, KC 13-1129 (to challenge the pension ordinance) (the Pension Case), which has also been appealed before this Court under Nos. 17-262, 17-263, 17-264, and 17-269. The Medicare Case challenges Ordinance 422, passed in July 2011, which changed retirees' health care benefits as unconstitutional and a breach of existing contracts with the retirees. The Pension Case challenges Ordinance 276, passed in April 2012, on the grounds that it is unconstitutional and breached contracts in place with the retirees.

[5] The plaintiffs thereafter filed an amended petition to add Linda A. Isherwood, the widow of retired firefighter Bernard T. Isherwood, as a plaintiff; however, she did not file a notice of appeal from the final judgment in this case.

[6] There was also a sixth counterclaim against Mrs. Isherwood only, inapplicable to the appeal at bar, alleging that she was not a party to the 2004 Consent Judgments.

Thereafter, plaintiffs moved for summary judgment on their petition, and the City filed a cross-motion for summary judgment on the same and on its counterclaim. The hearing justice found that "the clear and unambiguous language" of the 2004 Consent Judgments "did not specifically enjoin the City to pay the named individuals a certain COLA percentage or other pension amount * * * nor did the judgments seek to prevent the City from otherwise altering the terms of the CBA as directly referenced in the 2004 judgments. * * * The consent judgments, in essence, order the City to refrain from the breach of contract in 2004." She further found the 2004 Consent Judgments could not affect the City's ability to alter the terms of the CBA under which plaintiffs retired. Finally, she concluded that it had not been clearly proven that the City violated the 2004 Consent Judgments, and, thus, she declined to hold the City in contempt.

Based on the above, the trial justice denied plaintiffs' motion for summary judgment and granted summary judgment for the City on plaintiffs' petition. She denied summary judgment on all counts of the City's counterclaim, and, thereafter, the City dismissed its counterclaim by stipulation. Final judgment in favor of the City entered the following day. The plaintiffs filed separate timely notices of appeal, and the two appeals were thereafter consolidated before this Court.

## II

### Standard of Review

"It is well settled that 'this Court will review the grant of a motion for summary judgment *de novo*, employing the same standards and rules used by the hearing justice.'" *Cranston Police Retirees Action Committee v. City of Cranston*, 208 A.3d 557, 580 (R.I. 2019) (brackets omitted) (quoting *Cancel v. City of Providence*, 187 A.3d 347, 349 (R.I. 2018)), *cert. denied*, 140 S. Ct. 652 (2019). We will affirm the trial justice's decision "only if, after reviewing the admissible evidence

in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Id.* at 580-81 (quoting *Cancel*, 187 A.3d at 350). "In a motion for summary judgment, 'the nonmoving party bears the burden of proving by competent evidence the existence of a disputed issue of material fact and cannot rest upon mere allegations or denials in the pleadings, mere conclusions or mere legal opinions.'" *Id.* at 581 (quoting *Cancel*, 187 A.3d at 350).

## III

## Discussion

The plaintiffs argue that a consent judgment cannot "be overruled or otherwise modified by city ordinance" and point to two cases, *Mansolillo v. Employee Retirement Board of City of Providence*, 668 A.2d 313 (R.I. 1995) (*Mansolillo I*), and *City of Providence v. Employee Retirement Board of City of Providence*, 749 A.2d 1088 (R.I. 2000) (*Mansolillo II*), in support of that proposition. Thus, plaintiffs contend, the hearing justice erred when she found that the Pension Ordinance modified their rights under the 2004 Consent Judgments and such finding violated separation of powers principles.[7] The City counters that, had the Superior Court found the City to be in contempt, separation of powers principles would have been violated because courts cannot restrain municipal bodies from exercising their legislative powers.

---

[7] The plaintiffs also contend that the hearing justice made numerous other errors of law in her decision. They argue that the Pension Ordinance is inapplicable to them because their rights vested under Chapter 1991-5, Ordinance No. 18 when they retired. Second, they maintain that, even if their rights had not vested under Chapter 1991-5, Ordinance No. 18, the Pension Ordinance, by its own terms, excludes plaintiffs from its reach. Third, plaintiffs assert the hearing justice erred by finding that consent judgments are simply contracts by misapplying this Court's holding in *McEntee v. Davis*, 861 A.2d 459 (R.I. 2004), and she further erred by holding that the 2004 Consent Judgments only ordered the City to refrain from breaching the CBA in the year 2004. Because separation of powers is dispositive of the issues raised on appeal, we need not address plaintiffs' other arguments.

"The doctrine of separation of powers is an inherent and integral element of the republican form of government," *In re Advisory from the Governor*, 633 A.2d 664, 674 (R.I. 1993), that "prohibits the usurpation of the power of one branch of government by a coordinate branch of government." *Moreau v. Flanders*, 15 A.3d 565, 579 (R.I. 2011) (quoting *Town of East Greenwich v. O'Neil*, 617 A.2d 104, 107 (R.I. 1992)).[8]  The doctrine is presented in article 5 of the Rhode Island Constitution and states, "The powers of the government shall be distributed into three separate and distinct departments: the legislative, executive and judicial." R.I. Const., art. 5.

We previously adopted the separation-of-powers test set forth in *Chadha v. Immigration and Naturalization Service*, 634 F.2d 408 (9th Cir. 1980), *aff'd*, 462 U.S. 919, 959 (1983). *See In re Advisory from the Governor*, 633 A.2d at 674; *see also State v. Jacques*, 554 A.2d 193, 195-96 (R.I. 1989).

> "The twin purposes of preventing concentrations of power dangerous to liberty and of promoting governmental efficiency are served if we define a constitutional violation of the separation of powers as an assumption by one branch of powers that are central or essential to the operation of a coordinate branch, provided also that the assumption disrupts the coordinate branch in the performance of its duties and is unnecessary to implement a legitimate policy of the Government." *Jacques*, 554 A.2d at 196 (brackets omitted) (quoting *Chadha*, 634 F.2d at 425).

"Functionally, the doctrine may be violated in two ways.  One branch may interfere impermissibly with the other's performance of its constitutionally assigned function.  Alternatively, the doctrine may be violated when one branch assumes a function that more properly is entrusted to another."

---

[8] We pause to note that we held in *Moreau* "that the separation of powers doctrine is a concept foreign to municipal governance." *Moreau v. Flanders*, 15 A.3d 565, 579 (R.I. 2011).  However, our holding in that case applied only to a branch of municipal government interfering with another coequal branch of municipal government.  Therefore, *Moreau* is inapplicable to the case at bar.

*Woonsocket School Committee v. Chafee*, 89 A.3d 778, 793 (R.I. 2014) (deletion omitted) (quoting

*City of Pawtucket v. Sundlun*, 662 A.2d 40, 58 (R.I. 1995)).

Furthermore, under our state constitution, "[t]he judicial power of this state shall be vested

in one supreme court, and in such inferior courts as the general assembly may, from time to time,

ordain and establish." R.I. Const., art. 10, § 1.  Thus, all judicial power is reserved to the courts

and has been since the adoption of the state constitution in 1842. *Lemoine v. Martineau*, 115 R.I.

233, 238, 342 A.2d 616, 620 (1975).  We have "defined the exercise of judicial power as the

control of a decision in a case or the interference with its progress, or the alteration of the decision

once made." *Id.* (emphasis omitted) (citing *Taylor v. Place*, 4 R.I. 324 (1856)).

There can be no doubt that consent judgments are as inviolable as judgments declared by

a judicial officer.  We have long recognized the sanctity of final judgments entered by the various

courts in this state and, in particular, consent judgments.

> "We have said that absent fraud, mutual mistake, or actual absence
> of consent, a judgment entered by consent cannot be opened,
> changed or set aside without the assent of the parties.  The integrity
> of any decree or judgment is necessarily derived from its entry by
> the particular court in the exercise of its judicial function.  The fact
> that it was consented to does not in any way detract from its efficacy.
> It is to be given the same force and effect thereafter by everyone,
> including the court, as though it had been entered after a hearing."
> *Mansolillo I*, 668 A.2d at 316 (internal quotation marks and citations
> omitted).

In *Mansolillo II*, we held that consent judgments are "clearly protected by the impenetrable

posted authority that we know as separation of powers, based upon articles 5 and 10 of the Rhode

Island Constitution." *Mansolillo II*, 749 A.2d at 1098.  In *Mansolillo II*, we applied the principles

of *Taylor v. Place*, cited *supra*, and held "that the General Assembly was, by virtue of our state

constitution's separation of powers provision, utterly powerless to enact legislation that would

serve to interfere with, set aside, or reopen a judgment * * * ." *Id.* (citing *Taylor*, 4 R.I. 324 (Ames, C.J.)).

In light of these principles, we are of the opinion that, by enacting the Pension Ordinance, the City attempted to "alter * * * [a] decision once made" by the Superior Court, a decision entered in the form of the 2004 Consent Judgments, *Lemoine*, 342 A.2d at 620, and thereby infringed on the exercise of judicial power by infringing on "powers that are central or essential to the operation of a coordinate branch," violating the first prong of *Chadha*.[9] *Jacques*, 554 A.2d at 196 (quoting *Chadha*, 634 F.2d at 425). An attempt to skirt the judgment of a court in this state by a city council clearly "disrupts the coordinate branch in the performance of its duties[.]" *Id.* (quoting *Chadha*, 634 F.2d at 425). We have previously defined "disruption" in this context as "the act of 'throwing into confusion or disorder.'" *In re Advisory from the Governor*, 633 A.2d at 675 (brackets omitted) (quoting *The American Heritage Dictionary* 408 (Second College Ed. 1982)). Thus, the second prong of *Chadha* is met. Finally, although the City has a legitimate interest in its own fiscal health, the Pension Ordinance is "unnecessary" to achieving that interest because interfering with judicial power is not a "necessary" exercise of authority. *Jacques*, 554 A.2d at 196.

Accordingly, to the extent that the Pension Ordinance purports to nullify the 2004 Consent Judgments, it violates separation-of-powers principles embodied in our state constitution. The hearing justice, therefore, erred in granting the City's cross-motion for summary judgment with respect to these plaintiffs.

---

[9] We are mindful that in this case we are not confronted with a situation involving coordinate branches of government. If the General Assembly, however, has no authority to enact legislation that would alter a judgment, a municipality, which after all is the creature of the General Assembly, has no such authority.

**IV**

**Conclusion**

We therefore vacate the final judgment of the Superior Court in favor of the City, and we remand this case to the Superior Court for further proceedings.

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Arthur Quattrucci et al. v. James Lombardi, in his capacity as Treasurer of the City of Providence, Rhode Island. |
| **Case Number** | No. 2017-248-Appeal. No. 2017-249-Appeal. (KM 13-1127) |
| **Date Opinion Filed** | June 30, 2020 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Chief Justice Paul A. Suttell |
| **Source of Appeal** | Kent County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For the Plaintiffs:<br><br>Lauren E. Jones, Esq.<br>Kevin F. Bowen, Esq.<br>Thomas J. McAndrew, Esq.<br>Robert S. Thurston, Esq. |
| | For the Defendant:<br><br>William M. Dolan, Esq.<br>Kenneth B. Chiavarini, Esq.<br>Matthew T. Jerzyk, Esq.<br>William K. Wray, Jr., Esq.<br>Nicholas L. Nybo Esq.<br>Jeffrey T. Dana, Esq. |